UNITED STATES of America
v.
Joseph L. HOOPER, Appellant.
No. 22545.

United States Court of Appeals,
District of Columbia Circuit.

Argued Jan. 19, 1970.

Decided March 6, 1970.

Mr. Thomas G. Shack, Jr., Washington, D. C. (appointed by this court) for appellant.

Mr. Herbert B. Hoffman, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., and John A. Terry, Asst. U. S. Atty., were on the brief, for appellee.

Before WRIGHT, McGOWAN and LEVENTHAL, Circuit Judges.

LEVENTHAL, Circuit Judge:

Appellant was given concurrent sentences, for a term of eight years imposed pursuant to 18 U.S.C. § 5010(c), after being found guilty of the charge in both count 1 and count 2 of the indictment. After careful consideration of the various contentions, we have concluded that no substantial error or prejudice has been shown that would warrant reversal of his conviction on count 2, for robbery, in violation of 22 D.C.Code § 2901, of $824.05 in the custody of one Virginia Wallace.

The same robbery, of the same premises and the same money, resulted also in appellant's conviction on count 1, which charged that the currency belonged to the United States of America, and that hence the robbery was in violation of 18 U.S.C. § 2112. Appellant seeks reversal because there was no proof that he had knowledge that the currency belonged to the United States, and because the trial judge ruled and charged that such knowledge was not an essential ele-

ment of the crime. Appellant claims such scienter is necessary under the rule of Mitchell v. United States, 129 U.S. App.D.C. 292, 394 F.2d 767 (1968), which required knowledge that the property belonged to the District of Columbia as an element of the offense defined in 22 D.C.Code § 2206. The government argues that *Mitchell* is distinguishable because both counts charged him with a violation of the D.C.Code, and the greater penalty for robbery of property of the District of Columbia was relied on as establishing that knowledge of that ownership was an element of the crime. It points out that 18 U.S.C. § 2112 must have a uniform application throughout the United States and cannot vary in application depending on whether the federal penalty is higher than the state's for ordinary robbery. And it contends that the federal crime is established whether or not the accused had knowledge or notice of the fact that establishes federal involvement.

For reasons to be related we do not decide this issue on the merits. But we take note that the point is not without difficulty. There is no controlling precedent directly in point. There are indeed opinions that declare that while the government must prove the fact that brings a crime within federal jurisdiction, it is not required to establish the defendant's knowledge of that fact.[1] But there are also opinions that look in a contrary direction.[2]

Apart from the ruling on the federal offense viewed in isolation, there would certainly seem a substantial question whether Congress intended that a Federal sentence be made cumulative to a state (or D.C.) sentence for an offense that is factually the same crime, except for the addition of a federal element of which defendant had no knowledge. If that be doubtful it is not clear what principle could soundly be invoked to require a man to defend two sets of trials held for the purpose of arriving at concurrent sentences.

The government argues that there is no need to resolve the issue on the merits in view of Hirabayashi v. United States, 320 U.S. 81, 105, 63 S.Ct. 1375, 87 L.Ed. 1774 (1943), where the Supreme Court held it unnecessary to consider the validity of a conviction on the second count since the sentence thereon was only concurrent and the Court had concluded to affirm the conviction on the first count. However, in Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), the Court not only determined, after reargument, that the concurrent sentence doctrine was not a jurisdictional bar, but also pointed out that the cases revealed no "satisfactory explanation" for the concurrent sentence doctrine, and that there were possibilities of "adverse collateral effects" from a conviction even where the sentence was concurrent. The possibilities of adverse collateral consequences cannot fairly be gainsaid.[3]

1. *E. g.* United States v. Wallace, 368 F.2d 537 (4th Cir. 1966), cert. denied, 386 U.S. 976, 87 S.Ct. 1169, 18 L.Ed.2d 136 (1967) ; United States v. Lombardozzi, 335 F.2d 414, 10 A.L.R.3d 826 (2d Cir.), cert. denied, 379 U.S. 914, 85 S.Ct. 261, 13 L.Ed.2d 185 (1964) ; United States v. Kierschke, 315 F.2d 315 (6th Cir. 1963) ; Hanis v. United States, 246 F.2d 781 (8th Cir. 1957).

2. E. g. Pettibone v. United States, 148 U.S. 197, 13 S.Ct. 542, 37 L.Ed. 419 (1893) ; United States v. Astore, 288 F.2d 26 (2d Cir.), cert. denied, 366 U.S. 925, 81 S.Ct. 1352, 6 L.Ed.2d 384 (1961) ; United States v. Gordon, 253 F.2d 177, 181–182 (7th Cir. 1958) ; Wheatley v. United States, 159 F.2d 599, 602 (4th Cir. 1946) ;

United States v. Crimmins, 123 F.2d 271 (2d Cir. 1941) ; *cf.* Eidson v. United States, 272 F.2d 684, 686–687 (10th Cir. 1959).

The *Wallace and Lombardozzi* cases, relied on by the government, discuss the divergence of viewpoint in the decided cases on assaulting a Federal officer.

3. Cramer, Concurrent Sentence Doctrine Limited, 36 D.C.Bar.J. 46 Vol. (1969). The factual collateral consequences include the possibility, as to defendant, that officials or other persons considering defendant's record in the future, whether for purposes of parole, employment, impeachment as witness, etc., may misapprehend the two convictions as relating to separate criminal activities. See also C. Wright,

Such possibilities had earlier led to review of convictions even after a sentence had been served.[4]

■ We are of the view that there is no need for us to resolve the issue on the merits, but we follow a different path from that offered by the government. As we see it, the controlling consideration is that there is no need, in the public interest, to retain the conviction and 8-year sentence on count 1, in view of our affirmance of the conviction and 8-year sentence on count 2. Sound doctrine supports the vacating of a judgment on a count that has become superfluous. Fuller v. United States, 132 U.S.App.D.C. 264, 286, 298, n. 52, 407 F.2d 1199, 1221, 1233, n. 52 (1968) (en banc).

The government, which admits that the district court could not have entered cumulative sentences,[5] does not suggest the existence of any such need at this stage of the litigation.[6] It argues only that it is "entitled" to retain the record of a valid conviction on count 1. That argument would have force if the court were convinced that the conviction on count 1 should stand. However, we regard that conviction as raising at least a substantial question. We see no reason to devote our time and energies to the research, and opinion-writing, incident to appropriate determination of an issue not governed by controlling precedent when no present public interest or need is furthered thereby. It better serves the general interest of the administra-

tion of justice if the court limits its resources to the determination of those questions and cases that must be decided, especially in view of the ever-mounting docket that besets this and other appellate courts.

In case of appeal this court has broad discretion, under 28 U.S.C. § 2106, to direct the entry of such judgment or order as will further the interest of justice.[7] Since the order we enter today does not impair any need of the government,[8] avoids the possibility of adverse collateral consequences to defendant, and furthers the general interest of the administration of justice, we think it in the overall interest of justice that, without determination of the merits, we vacate the conviction on count 1.

■ *Hirabayashi* may still have useful application when the concurrent conviction is not really doubtful yet does not warrant the additional time required for opinion-writing, or perhaps where collateral adverse consequences can be definitely ruled out. Where there is doubt of the concurrent convictions the sound course, we think, is either to determine the matter on the merits, as in *Benton*, or to vacate the sentence because of the overall interest of justice in effective disposition of appellate dockets, at least where there is neither injustice done defendant nor a need of the government overridden. This doctrine announced today, which finds authority for this course in 28 U.S.C. § 2106, serves to

---

2 Fed. Practice and Procedure 422–23 (1969).

4. Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 1912, 20 L.Ed.2d 917 (1968) ; Ginsberg v. New York, 390 U.S. 629, 633, n. 2, 88 S.Ct. 1274, 20 L.Ed.2d 195 (1968) ; Pollard v. United States, 352 U.S. 354, 358, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957) ; Fiswick v. United States, 329 U.S. 211, 222, 67 S.Ct. 224, 91 L.Ed. 196 (1946).

5. *Cf.* Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957).

6. It may be that a public interest was served in issuance of an entry of concurrent sentences by the District Court. We do not consider that matter but only

whether there is a need at this time, with the affirmance on count 2, for retaining the conviction on count 1.

7. Austin v. United States, 127 U.S.App. D.C. 180, 382 F.2d 129 (1967) ; Frady v. United States, 121 U.S.App.D.C. 78, 348 F.2d 84, cert. denied, 382 U.S. 909, 86 S.Ct. 247, 15 L.Ed.2d 160 (1965).

8. The vacation of the judgment does not destroy the jury verdict, but is rather equivalent in practical effect to a suspension of the imposition of sentence. If it later develops that the interest of justice so requires, the sentence can be reimposed on a concurrent basis. The conviction could then be subject to appellate review.

obviate, or at least diminish, the fears that led the Solicitor General, in his amicus curiae brief in *Benton*, to contend that retention of the concurrent sentence doctrine was needed to free the appellate courts for effective disposition of their swelling case load, by concentration of limited time and energies upon cases wherein practical relief is needed.

The judgment entered on count 2 is affirmed. The judgment entered on count 1 is vacated.

So ordered.