**UNITED STATES of America,
Appellee,
v.
Henry ROUNDTREE, Jr., Appellant.
No. 75–1372.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 13, 1975.
Decided Nov. 13, 1975.
Certiorari Denied Feb. 23, 1976.
See 96 S.Ct. 1133.

Jack S. Nordby, St. Paul, Minn., for appellant.

John M. Lee, U. S. Asst. Atty., Minneapolis, Minn., for appellee.

Before HEANEY, BRIGHT and HENLEY, Circuit Judges.

HEANEY, Circuit Judge.

Henry Roundtree, Jr., appeals from his conviction by a jury on charges of robbing Markus Kryger, a Drug Enforcement Administration Agent, of $1,000 belonging to the United States, in violation of 18 U.S.C. § 2112, and of assaulting that agent with a dangerous weapon, in violation of 18 U.S.C. § 111.[1] Roundtree received three-year sentences on each count to run consecutively.

Roundtree challenges his convictions and the subsequent sentences on four grounds: (1) there was insufficient evi-

---

1. 18 U.S.C. § 2112 states:

Whoever robs another of any kind or description of personal property belonging to the United States, shall be imprisoned not more than fifteen years.

18 U.S.C. § 111 states in part:

Whoever forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of his official duties, shall be fined not more than $5,000 or imprisoned not more than three years, or both.

dence of intent to take the property belonging to another; (2) there was no evidence that Roundtree knew or should have known that the money belonged to the United States; (3) the trial court erred in failing to give, *sua sponte,* a cautionary instruction on eyewitness identification testimony; and (4) because both convictions were as a result of a single behavioral incident, consecutive sentences for robbery and assault should not have been imposed. We affirm.

In late 1973, Agent Kryger, working under cover, arranged for a purchase of narcotics from one Montgomery Chapman. After obtaining $1,000 in government funds, Kryger met Chapman on the evening of December 27, 1973, and accompanied him to a house in Minneapolis, Minnesota, to complete the purchase.

As they entered the dark house, Chapman went into the living room to talk with Bernard Carter.[2] Agent Kryger proceeded into the kitchen where a light was on and exchanged casual conversation with Roundtree for a period of approximately one minute. Kryger then walked into the living room where Chapman and Carter were arguing about money Chapman allegedly owed Carter.

Shortly thereafter, Roundtree entered the living room with a gun in his hand and pointed it at Chapman demanding money. Chapman told him that Kryger had the money. Roundtree then pointed the gun at Kryger, and Carter told him to hand the money over to Roundtree. Kryger gave Roundtree the $1,000 in government funds he had obtained to buy narcotics for Chapman. Roundtree then told Kryger to leave and he did.

■ Roundtree argues initially that his taking of government money from Agent Kryger was merely a self-help enforcement of a debt owed to Carter by Chapman and, therefore, he lacked the necessary intent to commit a robbery, that of taking the property of another.

There is nothing in the record to suggest a preexisting relationship or debt between Kryger and Roundtree or the existence of a debt running from Kryger to either Chapman or Carter. The record adequately supports the conclusion that Roundtree took money from Kryger knowing he had no rightful claim to it.

Second, Roundtree asserts that the prosecution failed to prove that he knew the money taken from Kryger belonged to the United States and, therefore, failed to satisfy one of the substantive elements necessary for a conviction under 18 U.S.C. § 2112.

Our research indicates only one case under 18 U.S.C. § 2112 that raises the issue whether knowledge of the federal character of the offense is a substantive element of conviction or is merely a jurisdictional requirement. *United States v. Hooper,* 139 U.S.App.D.C. 171, 432 F.2d 604 (1970). And, the Court in *Hooper* did not find it necessary to resolve this issue. However, a number of courts have faced this issue in relation to conviction under 18 U.S.C. § 641 which prohibits embezzling, stealing, purloining or knowingly converting government property, a sister statute to 18 U.S.C. § 2112. A majority of these courts have held that knowledge of government ownership of property is irrelevant to a § 641 prosecution. *United States v. Crutchley,* 502 F.2d 1195 (3rd Cir. 1974); *United States v. Smith,* 489 F.2d 1330 (7th Cir. 1973), *cert. denied,* 416 U.S. 994, 94 S.Ct. 2407, 40 L.Ed.2d 773 (1974); *United States v. Denmon,* 483 F.2d 1093 (8th Cir. 1973); *United States v. Boyd,* 446 F.2d 1267 (5th Cir. 1971); *United States v. Howey,* 427 F.2d 1017 (9th Cir. 1970). *But see Findley v. United States,* 362 F.2d 921 (10th Cir. 1966).

■ We also note that last term, the Supreme Court in *United States v. Feola,* 420 U.S. 671, 95 S.Ct. 1255, 43 L.Ed.2d 541 (1975), held that it was not necessary for the government to show

2. Carter was indicted as a codefendant with Roundtree. He was tried separately and con-

victed on all three counts stated in their common indictment.

that an assailant knew his victim was a federal officer for a conviction under 18 U.S.C. § 111[3] and that the federal character of the person assaulted was merely jurisdictional. *Accord, United States v. Michalek,* 464 F.2d 442 (8th Cir. 1972). On the basis of these analogies, we hold that it was not necessary to prove that Roundtree knew the money he had stolen belonged to the United States in order to sustain a conviction under 18 U.S.C. § 2112.

As a third ground for reversal, Roundtree contends that the court should have given a cautionary instruction, *sua sponte,* on the evaluation of eyewitness testimony. He suggests that an instruction similar to that set forth in *United States v. Telfaire,* 152 U.S.App.D.C. 146, 469 F.2d 552, 558–559 (1972), should have been given by the court on its own volition notwithstanding the failure of defense counsel to request such an instruction.

█ The model instruction fashioned in *Telfaire* has much to commend it in those cases in which eyewitness identification is essential to support a conviction. To reverse this conviction, however, we would have to find that the failure to give an instruction embodying each of the elements of the *Telfaire* instruction was plain error. We can only do this if the court's omission affected the defendant's substantial rights and was "so completely erroneous as to result in a miscarriage of justice." *Kampmeyer v. United States,* 227 F.2d 313, 322 (8th Cir. 1955). *See also United States v. Byrd,* 494 F.2d 1275 (8th Cir. 1974).

We note that Agent Kryger was extensively cross-examined on his identification of Roundtree, and that defense counsel's primary emphasis in his closing argument dwelled on the alleged tenuous nature of the eyewitness testimony. We conclude, therefore, that the failure of defense counsel to ask for a cautionary instruction was not inadvertent.

The trial court gave the following instruction on the credibility of a witness's testimony:

Let me suggest to you now that you scrutinize all of the testimony you have been given and the circumstances under which each witness has testified. Consider, if you will, each witness' intelligence, his motive, his state of mind, his demeanor when he was on the witness stand. Consider the opportunity that that witness had to observe the matters about which he testifies, and whether or not he impressed you as having an accurate recollection of the things that he testified about.

█ This instruction and the considerable attention focused by counsel on the identification issue sufficiently alerted the jury of the fact that they should carefully and critically evaluate the strength of the eyewitness testimony. Absent a specific request for additional instructions by counsel, we find no plain error in the failure of the court to give the *Telfaire* cautionary instruction. *See United States v. Amaral,* 488 F.2d 1148 (9th Cir. 1973); *United States v. Evans,* 484 F.2d 1178 (2nd Cir. 1973); *Cullen v. United States,* 408 F.2d 1178 (8th Cir. 1969).

█ Finally, Roundtree contends that his conviction for robbing Agent Kryger of government money, in violation of 18 U.S.C. § 2112, and for assaulting Kryger, a federal officer, in violation of 18 U.S.C. § 111, arose out of a single behavioral incident and, therefore, the trial judge erred in assessing consecutive sentences of three years for each conviction. He states correctly that if he had been charged and convicted of bank robbery and assault upon a bank officer under 18 U.S.C. § 2113, only one sentence would have been available. *Prince v. United States,* 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957); *United States v. Davis,* 439 F.2d 325 (8th Cir. 1971). He argues, therefore, he should have received only a single sentence.

█ What Roundtree ignores is the fact that the bank robbery statute, 18 U.S.C. § 2113, is a comprehensive statute

3. *See* n. 1, *supra.*

**20**

containing special provisions for increased punishment for aggravated offenses. It is intended to cover most of the aggressions that may arise from a bank robbery and provides additional penalties within a single conviction for aggravated offenses. *See United States v. Faleafine,* 492 F.2d 18 (9th Cir. 1974) (*en banc*).

 Roundtree was convicted of two offenses which are separate and distinct, both of which require proof of facts that the other does not. 18 U.S.C. § 111 is designed to protect federal law enforcement officers while performing federal functions, *see United States v. Feola, supra,* 420 U.S. at 678–679, 95 S.Ct. 1255, and requires proof of those facts to sustain a conviction. 18 U.S.C. § 2112 is designed to protect those who have government property in their immediate possession and requires proof that the property taken belongs to the United States.

 We find that the test set forth in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), and recently applied in this Circuit in *United States v. Belt,* 516 F.2d 873 (8th Cir. 1975), has been satisfied here.[4] In *Blockburger,* the Court upheld three separate convictions and sentences relating to one sale of narcotics. *See also Gore v. United States,* 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958) (upholding the *Blockburger* doctrine). In *Belt,* the Court upheld convictions of robbery and burglary arising from a single incident while dismissing the conviction for larceny, finding that larceny is a lesser included offense of the crime of robbery.

 Separate congressional policies are reflected in each of the two statutes here in question, and proof of separate elements are necessary. We find, therefore, that the trial court did not err in assessing three-year sentences on each conviction.

Affirmed.

4. The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

*Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932).