**UNITED STATES of America**

v.

**LaVance GREENE, Appellant.**

**No. 86-5202.**

United States Court of Appeals,
District of Columbia Circuit.

Argued Oct. 6, 1987.

Decided Dec. 11, 1987.

As Amended on Denial of Rehearing
Jan. 28, 1988.

Sean Connelly, Washington, D.C. (Appointed by this Court), for appellant.

Roy T. Englert, Jr., Atty., Dept. of Justice, with whom Joseph E. diGenova, U.S. Atty., and Michael W. Farrell, Asst. U.S. Atty., Washington, D.C., were on brief, for appellee.

Before: HARRY T. EDWARDS, STARR and D.H. GINSBURG, Circuit Judges.

Opinion for the Court filed by Circuit Judge HARRY T. EDWARDS.

HARRY T. EDWARDS, Circuit Judge:

In a case raising issues ranging from the insanity defense to the unique status of the District of Columbia, this court in 1973 affirmed LaVance Greene's conviction of felony murder for his killing of a United States Deputy Marshal during an attempt to free his brother from federal custody. While affirming the felony murder conviction, this court vacated Greene's conviction on the underlying felony—rescue of a federal prisoner, in violation of 18 U.S.C. § 752(a). In so doing, it avoided the constitutional issue of whether Congress could impose on defendants tried for federal offenses in the District of Columbia a burden of proof for insanity different from that required of defendants tried elsewhere. In the present action, brought under 28 U.S.C. § 2255, Greene contends that his felony murder conviction cannot stand, because his conviction on the underlying felony was vacated.

Although there is a strong argument that the issue Greene now raises was decided on direct appeal and cannot be attacked collaterally, we recognize that there is some ambiguity in the 1973 opinion and in a recent order of a motions panel of this court. We have therefore decided to issue an opinion. We hold, first, that indictment and conviction on the underlying felony are not requisites to a conviction for felony murder. Rather, the Government need only prove all the positive elements of the underlying felony beyond a reasonable doubt. Second, we hold that this court's 1973 decision on direct appeal necessarily concluded that it was proper to apply the District of Columbia insanity burden to a felony murder charge under the D.C.Code, notwithstanding the fact that the underlying felony was a U.S.Code offense. Even were this not so, our subsequent decision in *United States v. Cohen*, 733 F.2d 128 (D.C. Cir.1984) (en banc), which rejected statutory and constitutional challenges to the application of D.C.Code insanity provisions to U.S.Code offenses, would preclude any challenge. For these reasons, we affirm the District Court's denial of Greene's motion to set aside his conviction.[1]

## I. BACKGROUND

The events that gave rise to this case sixteen years ago are not in dispute. Greene's half-brother Randolph, who was serving a prison sentence for bank robbery, was permitted to attend his father's funeral in Washington, D.C., on September 24, 1971. During the funeral service, LaVance Greene attempted to help his brother escape by disarming three marshals accompanying him. In fleeing the scene, LaVance Greene shot to death a fourth marshal who had given chase. Both brothers were apprehended after a high-speed automobile pursuit.

At the brothers' trial in U.S. District Court, seven counts against LaVance Greene were ultimately submitted to the jury. Four were counts of armed robbery

1. The court received invaluable assistance in this case from Sean Connelly, appointed counsel for the appellant, and from Roy T. Englert, counsel for the Government. We are pleased to commend both counsel for the very high quality of their briefs and oral arguments.

under the District of Columbia Code.[2] Two were violations of the United States Code—premeditated murder of a federal officer, in violation of 18 U.S.C. § 1114, and rescue of a federal prisoner, in violation of 18 U.S.C. § 752(a). The last count—which is at issue here—was a charge of felony murder under D.C.Code Ann. § 22–2401, for which the federal rescue offense was the underlying felony.

In a bifurcated proceeding, the jury first determined that Greene had in fact committed the acts charged in all of the counts. It then considered his defense of insanity. At the time, different burdens of proof for insanity existed under the D.C.Code and federal common law. While the federal courts generally followed the rule of *Davis v. United States*, 160 U.S. 469, 16 S.Ct. 353, 40 L.Ed. 499 (1895), which placed on the Government the burden of proving sanity beyond a reasonable doubt,[3] section 24–301(j) of the D.C.Code—recently amended by the District of Columbia Court Reform and Criminal Procedure Act of 1970, Pub.L. No. 91–358, § 207(6), 84 Stat. 473, 602—placed the burden on the defendant to prove insanity by a preponderance of the evidence. The trial judge held that this D.C. burden should apply to all of the counts in the proceeding, including those based on the U.S. Code. The jury found that Greene had failed to carry his burden of proving insanity and that he was therefore guilty on all counts.

On direct appeal, this court affirmed Greene's conviction on the armed robbery counts (which are of no concern in the present litigation) and the felony murder charge. The court held that a felony murder charge under the D.C.Code could be based on an underlying U.S. Code felony.

*United States v. Greene*, 489 F.2d 1145, 1150–51 (D.C.Cir.1973), *cert. denied*, 419 U.S. 977, 95 S.Ct. 239, 42 L.Ed.2d 190 (1974). It further held that the D.C. insanity burden applied to the D.C.Code offenses, whether they were prosecuted in the United States District Court or the District of Columbia Superior Court, and that the heavier burden for D.C. offenses did not constitute a denial of equal protection. *Id.* at 1152–53, 1158.[4] The court also rejected Greene's argument that the D.C. provision requiring the defendant to prove his insanity amounted to a denial of due process. The court relied on *Leland v. Oregon*, 343 U.S. 790, 72 S.Ct. 1002, 96 L.Ed. 1302 (1952), in which the Supreme Court had sustained a similar provision in an Oregon statute. Rejecting Greene's argument that *Leland* had in effect been overruled by *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), which had held that the prosecution must prove all elements of an offense beyond a reasonable doubt, this court held that proof of sanity was not an essential element of a criminal offense. 489 F.2d at 1153–56.

The court found Greene's convictions on the two U.S. Code counts—murder of a federal officer and rescue of a federal prisoner—more problematic. Stating that application of the D.C. insanity burden to U.S. Code offenses raised a serious equal protection issue, the court chose to avoid that issue by vacating Greene's convictions on these two counts on technical grounds. Because the sentence for murder of a federal official was concurrent with the sentence for felony murder, the court used its discretion under *United States v. Hooper*, 432 F.2d 604 (D.C.Cir.1970), to vacate the former.[5] 489 F.2d at 1157–58. Similarly,

**2.** The United States District Court for the District of Columbia has jurisdiction over criminal violations of the D.C.Code when they are prosecuted jointly with violations of the U.S.Code. *See* D.C.Code Ann. § 11–502(3).

**3.** In 1984 Congress changed the insanity burden in federal prosecutions. The defendant now has the burden of proving insanity by clear and convincing evidence. *See* 18 U.S.C. § 17(b) (Supp.IV 1986).

**4.** The court explained that Congress need not follow the same path in exercising its separate constitutional authority to legislate for the District of Columbia as it does in exercising its general legislative powers. *Id.* at 1153.

**5.** *Hooper* established the principle that an appellate court may vacate a conviction in order to avoid deciding an unsettled legal issue, when the sentence imposed on that conviction is concurrent with a sentence on another, valid conviction.

the court vacated Greene's rescue conviction because it found that consecutive sentences on the felony murder and rescue counts were improper under *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932),[6] and because there had been a "merger" between the felony murder count and the rescue felony on which it was based. 489 F.2d at 1158 (citing *United States v. Benn*, 476 F.2d 1127 (D.C.Cir.1972) (as amended Mar. 8, 1973)).

Over a lengthy dissent by Chief Judge Bazelon, 489 F.2d at 1160–80, the court denied Greene's suggestion for rehearing en banc. *Id.* at 1159. The Supreme Court, three Justices dissenting, denied certiorari. 419 U.S. 977, 95 S.Ct. 239, 42 L.Ed.2d 190 (1974).

In moving under 28 U.S.C. § 2255 to set aside his felony murder sentence, Greene argues that because the underlying felony conviction was vacated, his felony murder sentence can no longer stand. The District Court denied Greene's motion on February 28, 1986. Upon appeal to this court, a motions panel found "some support" for the position that one "cannot be guilty of felony murder if he is not guilty of an underlying felony," and therefore appointed counsel to assist Greene. *United States v. Greene*, No. 86–5202 (D.C.Cir. Apr. 29, 1987).

## II. ANALYSIS

### A. *Standards of Review Under 28 U.S.C. § 2255*

As an initial matter, we have considerable doubt whether Greene should be allowed to mount this collateral attack on his felony murder conviction. While it is a "familiar principle that *res judicata* is inapplicable in habeas proceedings," including those brought by federal prisoners under 28 U.S.C. § 2255, *Sanders v. United States*, 373 U.S. 1, 8, 83 S.Ct. 1068, 1073, 10 L.Ed.2d 148 (1963) (quoting *Fay v. Noia*, 372 U.S. 391, 423, 83 S.Ct. 822, 840, 9 L.Ed.2d 837 (1963)), it is equally well established that a court may decline to review issues raised in a section 2255 motion that have already been decided on direct review. *Kaufman v. United States*, 394 U.S. 217, 227 n. 8, 89 S.Ct. 1068, 1074 n. 8, 22 L.Ed. 2d 227 (1969); *Hardy v. United States*, 381 F.2d 941, 943 (D.C.Cir.1967). Recently, we had occasion to summarize the rule against relitigation in *Garris v. Lindsay*, 794 F.2d 722 (D.C.Cir.), *cert. denied*, —— U.S. ——, 107 S.Ct. 595, 93 L.Ed.2d 595 (1986), as follows:

It is well established in the federal circuits that a federal prisoner cannot raise collaterally any issue litigated and adjudicated on a direct appeal from his conviction, absent an intervening change in the law. Any other rule would frustrate policies strongly favoring conservation of judicial resources and finality of judicial decisions....

... Collateral review may be available to rectify an error not correctable on direct appeal, or when exceptional circumstances excuse a failure to assert the error on appeal. But "it must be remembered that direct appeal is the primary avenue for review of a conviction or sentence," and mere lack of success on that appeal does not pave the way for collateral attack.

*Id.* at 726–27 (footnotes omitted).

In this case, Greene's petition urges that the felony murder conviction must fall because the underlying rescue felony was not sustained on direct appeal. But unless Greene's argument is that the prosecution can only prevail on a felony murder charge if it secures an actual *conviction* on the underlying felony—and we hold below that there is no such requirement—his argument can only be that the prosecution must *prove all the elements* of the underlying felony. Thus, the issue is whether the Government proved all the elements of the rescue felony as part of its burden of proving the felony murder charge. As the only arguable issue on the rescue count is whether the D.C. or U.S. burden for proof

---

**6.** Under *Blockburger,* two offenses may be punished separately only if each requires an ele-

ment of proof not required by the other.

of sanity applied, the question collapses to whether the trial court was wrong to have applied the D.C. insanity burden to the felony murder count.

We hold below that this issue was decided on direct appeal. We recognize, nonetheless, that there are two sources of ambiguity. First, the direct appeal panel, in approving the application of the D.C. insanity burden to Greene's felony murder charge, never *explicitly* stated that it was of no consequence to this determination that the underlying offense was a U.S. Code felony. Second, a recent motions panel order in this case suggested that there was "some support" for the position that conviction on the underlying felony is a prerequisite to conviction on a felony murder charge. *United States v. Greene*, No. 86–5202 (D.C.Cir. Apr. 29, 1987). We therefore address these two issues. We then turn to *United States v. Cohen*, which provides an alternative basis for our conclusion.

### B. *Conviction on the Underlying Felony*

■ To the extent Greene suggests that actual conviction on the underlying felony is a necessary predicate to conviction for felony murder under District of Columbia law, we disagree. While the Government must prove beyond a reasonable doubt all the positive elements of the underlying felony,[7] there is no requirement that it indict and convict the defendant on that underlying felony in order to secure a conviction for felony murder. This is the established law in the District of Columbia and other jurisdictions. Counsel has not directed this court to any case that reaches a different result,[8] nor have we discovered any.

We note first that the plain language of the D.C. felony murder statute does not in any way suggest that a conviction on the underlying felony is necessary. D.C.CODE ANN. § 22–2401 reads in relevant part: "Whoever ... kills another purposely ... in perpetrating or attempting to perpetrate any offense punishable by imprisonment in the penitentiary ... is guilty of murder in the first degree." Under this statute, as at common law, the intent to commit the underlying felony serves to impute to the defendant the intent otherwise required for murder, *i.e.*, "malice"—or, in the case of first-degree murder, "deliberate and premeditated malice." *Id.; see Greene*, 489 F.2d at 1168 (statement of Chief Judge Bazelon as to why he would grant rehearing en banc); *Commonwealth v. Redline*, 391 Pa. 486, 137 A.2d 472, 475 (1958); Morris, *The Felon's Responsibility for the Lethal Acts of Others*, 105 U.PA.L.REV. 50, 59–60 (1956). This purpose is served as long as the prosecution has proved all the elements of the underlying felony. Requiring that the defendant be formally indicted and convicted of that felony is in no way necessary to the accomplishment of that purpose.

While frequently defendants are indicted and tried for both felony murder and the underlying felony, this is not universally the case. For example, in *Harris v. Oklahoma*, 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed. 2d 1054 (1977) (per curiam), cited by Greene, the defendant was initially tried and convicted only on the felony murder charge; not until a subsequent proceeding did the state attempt to prosecute him for the underlying felony of robbery with firearms. *See Harris v. State*, 555 P.2d 76 (Okla.Crim.App.1976). This fact alone makes clear that the Supreme Court's statement that in such cases "conviction of a greater crime, murder, cannot be had without conviction of the lesser crime," 433 U.S. at 682, 97 S.Ct. at 2912, was simply an infelicitous choice of language. The Court was more precise in *Whalen v. United States*, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980), where, in construing the District of Columbia statute at issue here, it stated that "[a] conviction for killing in the course of a rape cannot be had without *proving all the elements* of the

---

**7.** The Government readily concedes this point. *See* Brief for the United States at 12–13.

**8.** In fact, counsel for Greene conceded at oral argument that a *conviction* on the underlying felony is not required. We will not rest on this concession, however, because we find it necessary to clear up any remaining confusion on this issue.

offense of rape." *Id.* at 693–94, 100 S.Ct. at 1438–39 (emphasis added) (citing *Greene*, 489 F.2d at 1158); *see also Harling v. United States*, 460 A.2d 571, 573 n. 4 (D.C.1983) (to prevail on a felony murder charge "the government had to prove all the elements of [the underlying] robbery or attempted robbery").

The cases cited by Greene and in the memorandum issued by the motions panel do not reach a different result. Those cases involved situations where the defendant was adjudged innocent of the underlying felony, *Mahaun v. State*, 377 So.2d 1158, 1161 (Fla.1979); *Wright v. State*, 307 Md. 552, 515 A.2d 1157, 1162 (1986); *State v. Weinberger*, 206 Mont. 110, 671 P.2d 567, 568 (1983); where no underlying felony was alleged, *State v. Morris*, 397 So.2d 1237, 1251 (La.1981) (on rehearing); or where the appeals court found insufficient evidence to sustain a conviction on the underlying felony, *Head v. United States*, 451 A.2d 615, 624–25 (D.C.1982); *State v. McCowan*, 223 Kan. 329, 573 P.2d 1029, 1031–32 (1978). We have found no case where a felony murder conviction was overturned despite the fact that all the essential elements of the underlying felony had been proved, merely because a formal conviction had not been obtained.

## C. *This Court's 1973 Holding*

■ As indicated above, the 1973 opinion of the panel that heard Greene's direct appeal was not as explicit in every detail as it might have been. It is nonetheless clear to us that that panel fully considered and resolved the question which Greene now presents on collateral review.

In particular, the panel necessarily, albeit implicitly, held that where a defense of insanity is interposed to a felony murder prosecution, the standard for determining sanity is the one specified for the crime of felony murder, and not the standard applicable to the underlying felony. This is clear from the court's holding that "[t]he provision of the Court Reform Act making its provisions relating to the defense of insanity applicable to offenses committed in the District of Columbia, clearly has application to ... count 3 (felony murder committed while perpetrating the crime of rescuing a federal prisoner)...." 489 F.2d at 1153.[9] In addition, it is clear that the 1973 panel, like this panel, considered only proof of the elements of the underlying felony, not actual conviction of it, a prerequisite to a felony murder conviction. Had the court not held this view, it could not have upheld Greene's felony murder conviction—as it did—while vacating his conviction on the underlying rescue felony.

These findings could result only in the conclusion that there was no reason to apply any sanity burden other than that applicable to the crime charged, *i.e.*, felony murder under section 22–2401 of the D.C. Code.[10] The only issue left open by this

---

**9.** Moreover, the implicit finding is consistent with four explicit decisions made by the court: (1) A D.C. felony murder charge could be supported by an underlying U.S. felony. 489 F.2d at 1150–51. (2) Proof of sanity is not an essential element of a felony charge. *Id.* at 1155–56. (3) The felony murder charge included all the essential elements of the rescue charge. *Id.* at 1158. (4) All the elements of the felony murder charge were proved. *Id.* at 1152.

**10.** Greene resists this conclusion by citing *Jackson v. Virginia*, 443 U.S. 307, 318, 99 S.Ct. 2781, 2788, 61 L.Ed.2d 560 (1979), for the proposition that there is no meaningful distinction between the legal burden of proving guilt and the factual sufficiency of guilt. Therefore, he argues, not only must the evidence have been sufficient to establish the underlying felony, but the burden of proof must have been correctly assigned. Reply Brief for Appellant at 2–3. The flaw in

this argument is that proof of sanity is not an essential element of the underlying felony for purposes of a felony murder charge. In assessing whether a felony murder conviction can stand, a reviewing court must ascertain in regard to the underlying felony both that the evidence was sufficient and that the burden of proof was correctly assigned—but only with reference to the essential elements of the underlying felony.

For the same reason, Greene's analogy to *United States v. Bertman*, 686 F.2d 772 (9th Cir.1982), is unavailing. Reply Brief for Appellant at 3–4. In *Bertman*, the court held that where a state-law crime was used as the underlying predicate for a federal offense, the defendant could assert any applicable defense under the state law, and the state burden of proof for that defense would apply. 686 F.2d at 774–75. In that case, however, the absence of coercion was an essential element of the state bribery charge. *See id.* at 775. Here, where proof of

court fourteen years ago was whether the D.C. insanity burden could have been applied to a U.S. Code offense standing alone, *see* 489 F.2d at 1157–58, but that situation is not before us. We hold, therefore, that the issue now raised by Greene was decided by this court on direct review,[11] and that collateral attack is inappropriate. While it could be said that our illumination of this court's 1973 decision comes long after the fact, we believe that society's strong interest in the finality of convictions, *see, e.g., Schneckloth v. Bustamonte,* 412 U.S. 218, 261–62, 93 S.Ct. 2041, 2065–66, 36 L.Ed.2d 854 (1973) (Powell, J., concurring), is not overcome simply because this court failed to state explicitly what it undoubtedly implied.

### D. *Cohen*

■ Even if the insanity burden applicable to the underlying felony were of some significance, this court's decision in *United States v. Cohen,* 733 F.2d 128 (D.C.Cir. 1984) (en banc), would prevent Greene from successfully challenging the application of the insanity burden of D.C.Code Ann. § 24–301(j) to his felony murder charge. In *Cohen,* this court interpreted section 24–301(d)(1) of the D.C.Code, which provides for automatic commitment of defendants acquitted solely by reason of insanity. It held, first, as a matter of statutory construction, that the provisions of section 24–301 applied to all offenses committed in the District of Columbia, including U.S. Code offenses. 733 F.2d at 131–32. Second, the court rejected an equal protection challenge to the constitutionality of section 24–301(d)(1). Applying "rational basis" scrutiny, 733 F.2d at 132–36, it held that Congress could treat federal defendants in the District of Columbia differently than those in other places because of Congress' solicitude for federalism, its special concern for

the District of Columbia, and the Constitution's separate grant of legislative authority over the District of Columbia. 733 F.2d at 136–39.

The statutory and constitutional holdings of *Cohen* are equally applicable to section 24–301(j). In regard to the statutory question, it is clear that *Cohen* was interpreting all of section 24–301, not only subsection (d)(1). *See* 733 F.2d at 132. It is particularly noteworthy that the court buttressed its statutory interpretation by citing Chief Judge Bazelon's statement dissenting from the denial of rehearing en banc in *Greene,* 489 F.2d at 1171–72 & nn. 65–66, to the effect that section 24–301(j) could not reasonably be read as limited to D.C.Code offenses. 733 F.2d at 132 n. 9.

The constitutional issue is perhaps more difficult, because much of the discussion in *Cohen* was specifically directed to the mandatory commitment provisions of subsection (d)(1). One of the concurring opinions —which based its analysis on whether Congress was exercising its powers as national or local sovereign and which regarded the mandatory commitment provisions as an exercise of the latter power, 733 F.2d at 141–50 (Mikva, J., concurring in the judgment)—might well have dictated a different result in regard to subsection (j)'s assignment of the insanity burden. But the *Cohen* majority opinion contains no such qualifications, and it is clear that under its analysis section 24–301(j) could be upheld on the basis of the Constitution's separate grant of legislative authority alone. Congress could rationally choose to pursue a particular legislative goal, such as reform of the insanity defense, under its special legislative authority over the District of Columbia, without being obliged simultaneously to take like measures under its

---

sanity is not among the essential elements of the underlying rescue felony which must be proved for a felony murder conviction, the court has no occasion to inquire into the burden of proof that would be applicable if the defense of insanity were interposed to a prosecution on the rescue felony.

**11.** We note, in addition, that it is evident from the published views of Judges Leventhal and Bazelon that Greene's claim as to the applicable

insanity burden was reviewed by the entire court when Greene sought rehearing en banc. *See* 489 F.2d at 1160 n. 2 (statement of Circuit Judge Leventhal as to why he has not voted to grant rehearing en banc); *id.* at 1170 (statement of Chief Judge Bazelon as to why he would grant rehearing en banc). Furthermore Greene attempted, albeit unsuccessfully, to have the Supreme Court review his claim. *Greene v. United States,* 419 U.S. 977, 95 S.Ct. 239, 42 L.Ed.2d 190 (1974).

general legislative powers. *See* 733 F.2d at 138–39 (citing *Williamson v. Lee Optical,* 348 U.S. 483, 489, 75 S.Ct. 461, 465, 99 L.Ed. 563 (1955)). We see no reason why *Cohen*'s constitutional analysis should not extend to subsection 24–301(j).

The parties have vigorously debated whether the 1984 *Cohen* decision can tell us anything about the standard that should have been applied when Greene's direct appeal was decided in 1973. *See* Brief for the United States at 23–25; Reply Brief for Appellant at 12–18. We find it unnecessary to decide this question, for *Cohen* makes it very clear what standard would apply if Greene were to be retried *now*. The applicable insanity burden now would be the same one that was applied to Greene's felony murder count in 1973, namely that specified in section 24–301(j) of the D.C.Code. Thus, if there was error, it would not be sufficient to require reversal even on direct appeal, *see* FED.R.CRIM.P. 52(a), much less on collateral review. *See United States v. Addonizio,* 442 U.S. 178, 184, 99 S.Ct. 2235, 2239, 60 L.Ed.2d 805 (1979).

CONCLUSION

For the reasons discussed above, the order of the District Court denying appellant Greene's motion to set aside his felony murder sentence is

*Affirmed.*