27 F.3d 568
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James Henry WARREN, Defendant-Appellant,
v.
UNITED STATES of America, Plaintiff-Appellee.
 No. 93-5918.
 United States Court of Appeals, Sixth Circuit.
 May 26, 1994.
 
 Before: JONES and BATCHELDER, Circuit Judges; and GILMORE, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant-Appellant James Henry Warren appeals the district court's denial of his 28 U.S.C. Sec. 2255 motion to set aside and correct his sentence. Because the current challenge to Warren's sentence was previously decided by this court on direct appeal, we AFFIRM the district court's denial of Warren's Sec. 2255 motion.
 
 I.
 
 2
 On April 1, 1991, James H. Warren was charged in a three-count indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. Secs. 922(g)(1), 924(a)(2), and 924(e); receiving a firearm, in violation of the same three statutes; and making false statements regarding the procurement of a firearm, in violation of 18 U.S.C. Secs. 922(a)(6) and 924(a)(1)(B). A jury convicted Warren on all three counts, and Warren was sentenced to 15 years incarceration as an armed career criminal. Warren qualified for armed career criminal status as a result of four prior convictions he had received. Three of the convictions occurred in 1970 and the fourth in 1984.[1]
 
 
 3
 On September 11, 1991, Warren appealed his conviction, asserting, inter alia, that the 1970 convictions, upon which his current sentence was based, were constitutionally invalid.[2] These convictions were secured following Warren's guilty pleas, which he asserted were not voluntarily and intelligently made. We rejected Warren's claims and affirmed the decision of the district court. See United States v. Warren, 973 F.2d 1304 (6th Cir.1992). Our holding was based in part on the affidavit of the Honorable John P. Hayes, who presided over Warren's 1970 sentencing hearing, wherein Hayes attested that Warren's 1970 pleas must have been voluntary.[3]
 
 
 4
 Subsequently, Warren filed a Sec. 2255 motion to set aside and correct his sentence. In this motion, Warren asserted that new evidence contradicted the earlier evidence upon which this court had relied to confirm the constitutionality of his 1970 convictions. The new evidence consisted of the videotaped testimony of Judge Hayes, made during a September 4, 1992 hearing. This testimony allegedly contradicted statements in Hayes' earlier affidavit that the 1970 pleas were voluntary. The district court denied Warren's motion, finding that he had failed to prove a constitutional violation. In rejecting Warren's Sec. 2255 motion, the district court relied in part upon the testimony of Warren's former attorney, Daniel Taylor, III. Taylor testified that he had fully advised Warren of his rights prior to the entry of the three guilty pleas during the 1970 proceedings. This appeal followed.
 
 II.
 
 5
 Warren asserts on appeal that the district court erroneously denied his motion for resentencing. We review a district court's denial of a defendant's Sec. 2255 motion de novo. See Taylor v. United States, 985 F.2d 844, 845 (6th Cir.1993) (per curiam).
 
 
 6
 Warren claims that the guilty pleas he entered in connection with his three 1970 convictions were constitutionally invalid because they were not voluntarily and intelligently delivered, contrary to the requirements of Boykin v. Alabama, 395 U.S. 238 (1969). However, Warren raised this identical issue on direct appeal. Warren, 973 F.2d at 1309-10 (6th Cir.1992). We found that Warren's 1970 guilty pleas complied with the requirements of Boykin, in that they were both knowingly and voluntarily given.
 
 
 7
 Consequently, Warren's current collateral attack must fail. See Stephan v. United States, 496 F.2d 527, 528-29 (6th Cir.1974) (rejecting a defendant's attempt to relitigate issues in a habeas action that had already been litigated on direct appeal), cert. denied, 423 U.S. 861 (1975); Cabrera v. United States, 972 F.2d 23, 25 (2nd Cir.1992) (quotations omitted) ("[S]ection 2255 may not be employed to relitigate questions which were raised and considered on direct appeal."); Belford v. United States, 975 F.2d 310, 313 (7th Cir.1992) (issues raised on direct appeal cannot be raised in a collateral attack absent a change in circumstances); Dall v. United States, 957 F.2d 571, 572 (8th Cir.1992) (claims introduced and decided on direct appeal may not be relitigated in a Sec. 2255 motion to vacate); Walter v. United States, 969 F.2d 814, 816 (9th Cir.1992) ("[W]hen a federal prisoner presents a claim in a Sec. 2255 petition that he has presented previously, the federal court retains the discretion to refuse to consider the claim on the basis that the prisoner is abusing the writ."); Murchu v. United States, 926 F.2d 50, 55 (1st Cir.) (issues decided on direct appeal cannot be relitigated in a Sec. 2255 motion), cert. denied, 112 S.Ct. 99 (1991); United States v. Prichard, 875 F.2d 789, 791 (10th Cir.1989) (per curiam) ("Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to Sec. 2255."); United States v. Greene, 834 F.2d 1067, 1073 (D.C.Cir.1987) (issues raised by defendant on direct appeal were inappropriate for collateral review), cert. denied, 487 U.S. 1238 (1988).
 
 
 8
 Notwithstanding our earlier decision, Warren contends that the issue should be revisited, due to new evidence that casts doubt upon our earlier conclusion. However, Warren's current criticism does not undercut the basis of this court's former decision.
 
 
 9
 In finding that Warren's 1970 convictions were based upon knowing and voluntary guilty pleas, we relied upon the affidavit of Judge Hayes. Warren now attacks the validity of Judge Hayes' affidavit by asserting that subsequent testimony, elicited from Judge Hayes at a September 4, 1992 hearing, contradicts his statements. However, though some minor inconsistency between the affidavit and Hayes' September 4th testimony exists,[4] the judge's videotaped testimony and his affidavit do agree regarding the key fact that Warren's pleas were valid:
 
 
 10
 MR. GUTMANN: At the time you took his guilty plea ... were you satisfied that his plea was made freely?
 
 
 11
 JUDGE HAYES: I did not take any pleas without being satisfied personally. Whether I covered it on the record or not ... without being satisfied that the people who did that either, why, had the advise [sic] of counsel or knew what they were doing.
 
 
 12
 * * *
 
 
 13
 MR. GUTMANN: And you are satisfied then, that his plea was ... freely, voluntarily and intelligently made?
 
 
 14
 JUDGE HAYES: Yes.
 
 
 15
 J.A. at 35-36. The major premise of the affidavit--that Warren's guilty pleas were both knowing and voluntary--is therefore substantially validated by Judge Hayes' subsequent testimony. Compare J.A. at 36 (transcript of Sept. 4 hearing) with Warren's Supp.Br. (appendix) (Hayes Affidavit).
 
 
 16
 Our conclusion that Warren's 1970 convictions were constitutional is further supported by the unofficial transcript of the testimony of Warren's former attorney, Daniel Taylor, III. At the September 4 hearing, Taylor testified that during the 1970 proceedings he informed Warren of his rights. In addition, Taylor asserted that he was certain that Warren's guilty pleas were both knowing and voluntary. See J.A. at 69-70. A defendant need not learn of his rights from the court for a guilty plea to be acceptable. See Pitts v. United States, 763 F.2d 197, 200 (6th Cir.1985) ("A defendant may learn of the information not relayed to him by the trial court from other sources, such as his attorney.").
 
 
 17
 On direct appeal we concluded that Warren's pleas were knowingly and voluntarily made, and the challenge he currently poses to our earlier determination is insufficient to undercut the previous analysis.
 
 III.
 
 18
 For the foregoing reasons, we AFFIRM the decision below.
 
 
 
 *
 The Honorable Horace W. Gilmore, Senior District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Warren was convicted in 1970 of willful murder, malicious shooting and wounding, and armed robbery. In 1984, Warren was convicted of raping a ten-year-old girl
 
 
 [2]
 Warren also asserted that his convictions were not supported by sufficient evidence; that his right to a speedy trial had been violated; that a sentencing enhancement for obstruction of justice should not have been applied; that his 1970 convictions were not violent felonies within the meaning of the Armed Career Criminal Act; that the 1970 convictions should count as a single conviction; that the replacement of one of the jurors was reversible error; and that the mandatory sentence imposed by the trial court was cruel and unusual
 
 
 [3]
 No transcript of Warren's plea or sentencing is available. Accordingly, the affidavit of Judge Hayes, Warren's sentencing judge, was offered by the government to show that Warren's 1970 convictions were constitutionally valid. In this affidavit, Judge Hayes stated:
 On this date I have reviewed Jefferson Circuit Court records relative to criminal case numbers 140689 and 143005 both entitled Commonwealth of Kentucky vs. James Henry Warren and William West. Those records indicate that I was the presiding Judge in both cases on October 13, 1970, when the defendant James Henry Warren pled guilty to three counts of Armed Robbery, case number 143005, and in case number 140689, to one count of Willful Murder and to two counts of Malicious Shooting and Wounding.
 Although I do not specifically recall the defendant or the above mentioned cases, I do recall that it was my practice at the time to always ensure that a defendant's plea of guilty was made freely and voluntarily. I also ensured that the defendant knew the nature of the charges against him; was aware that he was waiving the right to a trial on the charges; was aware of the potential punishment for the offenses to which he was pleading guilty; was not subjected to any form of illegal coercion directed at securing the guilty plea; and was in possession of his mental faculties at the time of the plea.
 Reproduced in Warren's Supp.Br. (appendix).
 
 
 [4]
 At the hearing, Hayes testified that he had "not seen the file on [Warren's] case in 20 years." J.A. at 33. Yet, in his affidavit, Hayes stated that he had reviewed Warren's case file on August 20, 1991