**UNITED STATES of America,**
**Appellee,**

v.

**Stephen A. MAYNARD et al.,**
**Defendants, Appellants.**

**Nos. 71–1286, 71–1287 and 71–1288.**

United States Court of Appeals,
First Circuit.

Heard Dec. 7, 1971.

Decided Dec. 27, 1971.

William K. Danaher, Jr., Jay A. Posnik, and Joseph D. Rosenbloom, Springfield, Mass., all by appointment of the Court, on brief for appellants.

**1088**

James N. Gabriel, U. S. Atty., and Paul F. Ware, Jr., Asst. U. S. Atty., on brief for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

Defendants, who had agreed to exchange hashish for cash, sought to take the cash at gunpoint without making the promised delivery. They made the mistake of selecting a federal undercover officer for their victim, and were promptly arrested by a surveillance team. At the trial for assaulting a federal officer with a dangerous weapon, 18 U.S.C. § 111, it did not appear whether or not the gun was loaded. The defendants moved for acquittal. They also sought an instruction to the effect that if they had been misled as to their victim's identity and did not know he was a federal officer, they should be acquitted. The court refused both requests, and following conviction they appeal.

 Knowledge of the officer's identity is not necessary to convict. United States v. Goodwin, 3 Cir., 1971, 440 F.2d 1152, and cases cited therein at 1155. See also our discussion in United States v. Langone, 1 Cir., 1971, 445 F.2d 636, cert. denied 404 U.S. 915, 92 S.Ct. 226, 30 L.Ed.2d 189 (1971). To hold the statute, manifestly intended to give the special protection of the federal courts to federal employees in dangerous occupations, inapplicable to undercover agents who affirmatively concealed their identity, would seriously affect its usefulness. Since knowledge is immaterial, defendants have even less reason to complain of having been misled than in Lewis v. United States, 1966, 385 U.S. 206, 87 S.Ct. 424, 17 L.Ed.2d 312 (undercover agent given consent to enter).

With respect to whether the gun was loaded, since assault is the act of putting in fear, it might be thought enough that the weapon was ostensibly

dangerous. *See* Ladner v. United States, 1958, 358 U.S. 169, 177, 79 S.Ct. 209, 3 L.Ed.2d 199.* But in any event, we agree with those cases which permit the jury to make the natural inference that a person who draws a gun would not do so if he was not in a position to use it if, in his opinion, it became necessary. United States v. Marshall, 2 Cir., 1970, 427 F.2d 434, 437; Morrow v. United States, 8 Cir., 1969, 408 F.2d 1390, 1391; Evalt v. United States, 9 Cir., 1967, 382 F.2d 424, 428.

Affirmed.

---

* *But see* Bradley v. United States, 8 Cir., 1971, 447 F.2d 264, 272 (simulated bomb), in which Chief Judge Aldrich's concurrence was, although not so expressed, in the result and not necessarily in the opinion.