**UNITED STATES of America,
Appellee,**

v.

**Peter Lorin MICHALEK, Appellant.**

**No. 71–1450.**

United States Court of Appeals,
Eighth Circuit.

Submitted June 15, 1972.

Decided July 31, 1972.

Louis Miller O'Neil, St. Paul, Minn.,
for appellant.

Joseph T. Walbran, Asst. U. S. Atty.,
Robert G. Renner, U. S. Atty., D. Minn.,
Minneapolis, Minn., for appellee.

Before LAY, HEANEY, and
BRIGHT, Circuit Judges.

BRIGHT, Circuit Judge.

Appellant, Peter L. Michalek, stood trial upon a two-count indictment charging him in Count I with an assault upon a Federal Treasury Agent in violation of 18 U.S.C. § 111 and in Count II with theft of government funds in excess of $100 in violation of 18 U.S.C. § 641. A jury found him guilty on the assault charge, not guilty on the theft charge. Chief Judge Devitt sentenced Michalek to three years imprisonment, but granted probation for all but six months of the term. Michalek brings this appeal. We affirm the conviction.

The incidents leading to appellant's conviction occurred on September 29, 1970, at a St. Paul bistro named Frankie and Johnny's. That evening at 10:30 P.M., Stephen R. Hnatt and Bryan Kniebush, agents of the Alcohol, Tobacco & Firearms Division of the Treasury Department, entered the bar, following a lead given them by St. Paul police that one Reno Lundberg had offered a machine gun for sale. Dressed in working clothes and mixing freely with the bar's patrons, the agents engaged Reno Lundberg and Michalek in a conversation and, subsequently, in a friendly game of poker.

During the game, the agents offered to sell hot snowmobiles to Lundberg and Michalek, seeking to gain the confidence of the pair by demonstrating an underworld connection. In acting out their underworld roles, the agents conducted themselves as regulars in the bar. After Michalek smashed a beer bottle on the floor to protest the lack of service, agent Hnatt followed suit. According to the bartender's trial testimony, such protests are commonplace at Frankie and Johnny's.

The discussion about stolen snowmobiles did not produce the desired com-

ment from Lundberg about a machine gun. But, as often happens in a friendly poker game, the game became less friendly as the night wore on. Through skill or luck, the agents bested their quarry at poker. Near closing time, an habitue of Frankie and Johnny's offered each agent a drink of a sweet liquor called Snowshoe, which proved to be a Mickey Finn.

Agent Kniebush immediately became acutely nauseated and left the bar. According to witnesses, agent Hnatt went to the men's washroom, followed by Michalek and Lundberg. There, the agent was struck in the face and knocked to the floor. At the trial Reno Lundberg, testifying for the government, said that as agent Hnatt tried to leave the men's room, Michalek barred the way and then struck Hnatt many times, knocked him to the floor, and continued to pummel him while he was down. One bartender ran to the washroom and intervened, ordering Michalek and Lundberg to the front of the bar. Another bartender pushed Hnatt out the back door of the tavern.

The scene then shifted to the parking lot. Michalek and Lundberg, and perhaps others, were seen standing beside agent Hnatt who had blacked out and lay prone on the ground. Michalek searched him, took away his gun, and recouped his poker losses by extracting the agent's wallet; he then shared the proceeds with Lundberg. Michalek proceeded to fire the agent's gun several times into the air. Then, as St. Paul police arrived on the scene, Michalek fled, revolver in hand. Hnatt was taken to a hospital with a cut on the face, multiple body bruises, and a concussion.

On this appeal, Michalek contends the conviction should be set aside because the government failed to prove that agent Hnatt was· engaged in the performance of any official duty at the time he was struck by Michalek. In this connection, Michalek argues that, by engaging in conduct prohibited under the law, gambling and attempting to sell stolen goods, Hnatt was engaged in a frolic of his own rather than pursuing any inquiry concerning Reno Lundberg's possession of a machine gun. Additionally, Michalek contends that the government failed to sustain its burden of proving him guilty of the crime charged because the evidence fails to show that he intended to harm a person known to him as a government agent. We find these contentions wholly without merit.

■  The controlling statute, 18 U.S. C. § 111,[1] refers to assault upon persons "[e]ngaged in * * * the performance of * * * official duties." In this case, the question for the jury was whether agent Hnatt was acting in an official capacity or was engaged in a frolic of his own. See United States v. Heliczer, 373 F.2d 241, 245 (2d Cir. 1967). The agents testified that they were engaged in official duties while in the bar. Under proper instructions, the jury decided this factual question against appellant. On this record, we find no basis for overturning this determination.

■  We find equally insubstantial appellant's contention that ignorance of the assault victim's status provides a basis for reversal. Proof of scienter is unnecessary under § 111. See United States v. Langone, 445 F.2d 636, 637 (1st Cir. 1971); United States v. Goodwin, 440 F.2d 1152, 1155 (3d Cir. 1971); United States v. Leach, 429 F.2d 956, 959 (8th Cir. 1970), cert. denied, 402 U. S. 986, 91 S.Ct. 1675, 29 L.Ed.2d 151 (1971). The First Circuit recently said

---

1.  18 U.S.C. § 111 reads as follows:
Whoever forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of his official duties shall be fined not more than $5,000 or imprisoned not more than three years, or both.

Whoever, in the commission of any such acts uses a deadly or dangerous weapon, shall be fined not more than $10,000 or imprisoned not more than ten years, or both.

444

Knowledge of the [agent's] identity is not necessary to convict.  *  *  * To hold the statute, manifestly intended to give the special protection of the federal courts to federal employees in dangerous occupations, inapplicable to undercover agents who affirmatively concealed their identity, would seriously affect its usefulness.  [United States v. Maynard, 452 F.2d 1087, 1088 (1st Cir. 1971).]

We find United States v. Ulan, 421 F. 2d 787 (2d Cir. 1970), a case cited in support of appellant's position, inapposite on its facts.

Accordingly, we affirm the conviction.