**UNITED STATES of America, Appellee,**

v.

**Jaime LOPEZ, also known as Salvidor Lopez-Aguilar, Appellant.**

**No. 310, Docket 78–1234.**

United States Court of Appeals, Second Circuit.

Argued Oct. 27, 1978.

Decided Nov. 14, 1978.

Max Sayah, Asst. U. S. Atty. (Edward R. Korman, U. S. Atty. for the Eastern District of New York, Harvey M. Stone, Asst. U. S. Atty., Brooklyn, N. Y., of counsel), for appellee.

Albert Kostrinsky, New York City, for appellant.

Before FRIENDLY, MULLIGAN and GURFEIN, Circuit Judges.

PER CURIAM:

Jaime Lopez, also known as Salvidor Lopez-Aguilar, has appealed from a judgment entered on March 23, 1978 in the United States District Court for the Eastern District of New York, Hon. Charles P. Sifton, Judge, convicting him after a jury trial of assaulting federal officers engaged in their duties, in violation of 18 U.S.C. § 111; carrying an explosive during the commission of that assault in violation of 18 U.S.C. § 844(h)(2); and, as an alien unlawfully in the United States, possessing a firearm which had been in commerce in violation of 18 U.S.C. App. § 1202(a)(5). He is presently serving concurrent sentences which run from two to four years.

There are eight issues presented for review, none of which has merit. We write only because appellant raises one question which this circuit has not yet explicitly decided, i. e., whether agents of the Bureau of Alcohol, Tobacco, and Firearms (BATF) are protected under 18 U.S.C. §§ 111 and 1114.

Appellant was convicted of assault upon BATF agents while they were engaged in the performance of their official duties, in violation of 18 U.S.C. § 111, which provides in relevant part:

Whoever forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of his official duties, shall be fined not more than $5,000 or imprisoned not more than three years, or both.

The protected officials designated under 18 U.S.C. § 1114 include "any officer, employee or agent of . . . the internal revenue or any person assisting him in the execution of his duties . . . ." Appellant claims that BATF agents do not fall within the ambit of section 1114. We disagree.

Before 1972, the functions of the BATF were conducted by the Internal Revenue Service (IRS), and agents of the Alcohol, Tobacco and Firearms Division of the IRS were protected by sections 111 and 1114. See *United States v. Michalek*, 464 F.2d 442 (8th Cir. 1972). However, in 1972, the Secretary of the Treasury ordered the transfer of the functions, powers and duties of the IRS arising under laws relating to alcohol, tobacco, firearms and explosives to the BATF. Treas.Dept.Order 221, 37 Fed.Reg. 11696 (1972).

This situation is governed by 5 U.S.C. § 907 which provides:

(a) A statute enacted, and a regulation or other action made, prescribed, issued, granted, or performed in respect of or by an agency or function affected by a reorganization under this chapter, before the effective date of the reorganization, has, except to the extent rescinded, modified, superseded, or made inapplicable by or under authority of law or by abolition of a function, the same effect as if the reorganization had not been made. . . .

Subsection (b) of the statute defines "regulation or other action" to include a "regulation, rule, order, policy, determination, directive, authorization, permit, *privilege*, requirement, *designation*, or other action." (Emphasis added). In *United States v. Reid*, 517 F.2d 953 (2d Cir. 1975), this court applied 5 U.S.C. § 907(a) to a somewhat more difficult case where the Attorney

General transferred the functions of the Bureau of Narcotics and Dangerous Drugs to the Drug Enforcement Administration (DEA), but an assault on a DEA agent occurred within the period before Congress amended section 1114 to cover the transfer. We held there that DEA agents were protected by section 111, by virtue of the provisions of section 1114. Under the reasoning in *Reid*, we now hold that 5 U.S.C. § 907 applies to the reorganization in this case, and that BATF agents are protected officials under 18 U.S.C. § 1114 and therefore an assault on them violates 18 U.S.C. § 111.

The judgment of conviction of the district court is affirmed.