**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Raymond STEPHENSON and Marty Taylor, Defendants-Appellants.**

**No. 82–5186
Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

June 27, 1983.

Neil H. Jaffee, Fort Lauderdale, Fla. (Court-appointed), for defendants-appellants.

---

Joel Kaplan, Miami, Fla., for Taylor.

Stanley Marcus, U.S. Atty., James G. McAdams, III, Linda Collins Hertz, Asst. U.S. Atty., Miami, Fla., for plaintiff-appellee.

Before TJOFLAT, JOHNSON and HATCHETT, Circuit Judges.

PER CURIAM:

Raymond Stephenson and Marty Taylor appeal from their convictions for assault on FBI Special Agent Linda Reel and for robbery of her service revolver and pocketbook while Reel was engaged in the performance of her official duties, in violation of 18 U.S.C.A. §§ 111, 2, 2112. Appellants were acquitted of a separate count of assault with a dangerous weapon. Both Taylor and Stephenson argue that the evidence was insufficient to support their convictions. In addition, Stephenson argues that the trial court erred in refusing to give a requested jury instruction as to his theory of defense. Finally, Taylor argues that the trial court abused its discretion in refusing to grant his motion for severance under Rule 14 of the Federal Rules of Criminal Procedure. We affirm both convictions.

Agent Reel was approached by Taylor at about 7:30 a.m. on September 29, 1981, as she walked from her car on her way to work at the FBI Building in Miami. Taylor grabbed Reel's purse, which contained her service revolver, an FBI badge, and identification. Reel struggled with Taylor until Taylor broke away and ran to a nearby car where appellant Stephenson sat waiting at the wheel. Reel ran after Taylor and, after Taylor got into the car, Stephenson accelerated the car in reverse in Reel's direction. She jumped out of the way. After the car passed, Stephenson braked and put the car in forward gear and accelerated again toward Reel. Reel escaped down the street.

▮ Viewing the evidence in the light most favorable to the government, *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942); *United States*

*v. Gianni,* 678 F.2d 956, 958–59 (11th Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 491, 74 L.Ed.2d 633 (1982), we conclude that a reasonable trier of fact could find that the evidence established each defendant's guilt beyond a reasonable doubt. *See United States v. Bell,* 678 F.2d 547, 549 (5th Cir. Unit B) (en banc), *cert. granted on other grounds,* —— U.S. ——, 103 S.Ct. 444, 74 L.Ed.2d 600 (1982). First, Agent Reel was engaged in the performance of her official duties, as indicated by the fact that she was on her way to report for work at the FBI office and by the fact that she was properly attempting to prevent theft of federal property. *See United States v. Reid,* 517 F.2d 953, 963–64 (2d Cir.1975); *United States v. Pledger,* 409 F.2d 1335, 1336 (5th Cir.1969). Moreover, although Stephenson insisted at trial that he was not aware of the assault and robbery until after Taylor returned to the car, 18 U.S.C.A. § 2 requires only that a defendant associate himself with a criminal venture and that he assist in some manner in bringing about its success. *See, e.g., United States v. Trevino,* 556 F.2d 1265, 1269 (5th Cir.1977). Even if Stephenson's version of the evidence was reasonable, the jury reasonably could have concluded that the evidence was sufficient to establish beyond a reasonable doubt that as driver of the car Stephenson aided and abetted in Taylor's criminal acts. *United States v. Bell, supra.*

▮ Stephenson also contends that the trial court committed reversible error by not instructing the jury as to his defense theory that he did not aid and abet, but rather was only an accessory after the fact. Our review of the trial court's instructions reveals, however, that the jury was adequately instructed as to the proper elements of aiding and abetting. Stephenson's requested instruction, which reads like a narration of his version of the facts of the case, was properly refused. *See United States v. Barham,* 595 F.2d 231, 245 (5th Cir.1979), *aff'd after remand,* 625 F.2d 1221 (5th Cir. 1980), *cert. denied,* 450 U.S. 1002, 101 S.Ct. 1711, 68 L.Ed.2d 205 (1981).

Finally, we disagree with Taylor that the trial court's refusal to sever under Rule 14 was an abuse of discretion. *United States v. Varella,* 692 F.2d 1352, 1360 (11th Cir.1982). The fact that Taylor's and Stephenson's defenses were antagonistic to each other is not sufficient; they must instead be mutually exclusive or irreconcilable. *United States v. Berkowitz,* 662 F.2d 1127, 1133–34 (5th Cir.1981) (test is whether "jury, in order to believe the core of testimony offered on behalf of that defendant, must necessarily disbelieve the testimony offered on behalf of his co-defendant."). Stephenson contended that he had no prior knowledge of and did not participate in Taylor's robbery and assault. Stephenson also testified that he did not see Taylor commit the alleged crimes. Taylor, on the other hand, argued that Reel misidentified him at a lineup and that he was not at the scene of the crime. Stephenson's testimony contradicted this, but his defense was not mutually exclusive or irreconcilable with Taylor's. The jury could have believed both defendants' theories of defense. *Cf. United States v. Crawford,* 581 F.2d 489 (5th Cir. 1978); *United States v. Johnson,* 478 F.2d 1129 (5th Cir.1973).

AFFIRMED.