**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Everett Henry BOONE, Jr., a/k/a
Everett Samuel Smith,
Defendant-Appellant.**

No. 83–3789.

United States Court of Appeals,
Sixth Circuit.

Argued May 31, 1984.

Decided July 20, 1984.

**764**

Robert A. Perez (argued), Cincinnati, Ohio, for defendant-appellant.

Kathleen Brinkman, Asst. U.S. Atty., Terry W. Lehmann, Asst. U.S. Atty. (argued) Cincinnati, Ohio, for plaintiff-appellee.

Before SEITZ, JOHNSON and FAIRCHILD, Circuit Judges *.

PER CURIAM.

This is a direct criminal appeal by the defendant from prison sentences imposed on each of two counts following a jury conviction. The first count charged an assault on a federal judge while she was

engaged in performance of her official duties in violation of 18 U.S.C. § 111 and § 18 U.S.C. § 2 (principals). The second count charged defendant with interstate transportation of a stolen credit card in violation of. 15 U.S.C. § 1644(b) and 18 U.S.C. § 2.

A short statement of the factors relevant to count one is in order.

Defendant, along with one Henderson, while traveling together in a car in Cincinnati on a Sunday evening, saw a woman walking along a sidewalk. One of the persons in the car left the car, pushed the woman to the ground and took her purse. He re-entered the car which sped away. The woman was Cornelia Kennedy, a judge of the United States Court of Appeals for the Sixth Circuit.

Judge Kennedy had come to Cincinnati from her home in Detroit on the day of the assault for the purpose of hearing oral argument on cases the following morning as a member of the Court of Appeals. It was necessary for her to come to Cincinnati on Sunday to be ready for arguments the following morning at 9:00 A.M. At the time of the assault she was walking to the federal courthouse because she had some research to do on a case to be heard the next morning and she intended to use the library in the courthouse.

Title 18 U.S.C. § 111 provides in pertinent part:

Whoever forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of his official duties, shall be fined not more than $5,000 or imprisoned not more than three years, or both.

Defendant contends that the district court committed error in not sustaining his motion for a judgment of acquittal on count one because Judge Kennedy was not

---

* Honorable Collins J. Seitz, United States Court of Appeals for the Third Circuit; Honorable Frank M. Johnson, United States Court of Appeals for the Eleventh Circuit; Honorable

Thomas E. Fairchild, United States Court of Appeals for the Seventh Circuit. The entire panel of judges in the above matter is sitting pursuant to the designation of the Chief Justice.

acting in her official capacity at the time of the assault. While the statute does not require the government to prove that one who attacks a federal official be aware of the victim's official status, *United States v. Feola,* 420 U.S. 671, 95 S.Ct. 1255, 43 L.Ed.2d 541 (1975), it does require that it be proved that the victim was at the time engaged in " * * * the performance of his official duties * * *." Our examination of the Congressional history sheds no light on the scope of such language.

Defendant's brief contains the conclusory statement that "walking down the streets on a Sunday afternoon and the performance of official duties is too attenuated to be within the ambit of 18 U.S.C. § 111." Again, he contends that the intent to perform an act in the future which may be related to official duties is not sufficient to confer federal subject matter jurisdiction.

The parameters of the statutory requirement that a federal official covered by the act must be engaged in the performance of his official duties are inherently fluid. This, in turn, suggests the undesirability of attempting to formulate a bright line test for all cases. While time and place may be of decisive importance in many cases, in others the mission may be of critical importance. Still other factors may come to mind.

Here we need only ask whether Judge Kennedy could fairly be said to have been discharging her mission as a federal appeals court judge at the time of the attack. The answer is clear given the duties of such a judge. She was in Cincinnati only because she was required by her judicial position to be there so as to discharge her obligation to hear arguments the following morning. We need not decide whether that fact alone would be sufficient to fulfill the "performance" requirement of the statute because Judge Kennedy was also walking to the federal courthouse to do legal research for her sitting the next morning. The totality of the activity, in our view, was sufficiently related to the present performance of her judicial duties to fulfill that requirement of the statute.

It would be difficult to imagine a much closer involvement in the discharge of her obligation as a circuit judge unless we are to conclude that the statute does not apply beyond the courthouse boundaries. We are not prepared to take such a narrow view of the statute. See *United States v. Stephenson,* 708 F.2d 580 (11th Cir.1983). We will affirm the sentence on Count One.

Defendant next argues that he should be given a new trial on Count Two because the trial court erred in admitting credit card slips into evidence over timely objection, thereby denying the defendant his Confrontation Rights guaranteed by the Sixth Amendment.

The short answer to this contention is that the government's clearly admissible evidence overwhelmingly supported each element of the offense charged, interstate transportation of a stolen credit card. The Confrontation issue, if an issue at all, was peripheral at best. The sentence on Count Two will also be affirmed.

The judgment of the district court will be affirmed.