**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Roy GREEN, Defendant–Appellant.**

**No. 90–2239.**

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 10, 1990.

Decided March 21, 1991.

Ruth M. Heitz, Office of the U.S. Atty., Madison, Wis., for plaintiff-appellee.

Daniel W. Hildebrand, Ross & Stevens, Madison, Wis., for defendant-appellant.

Before CUDAHY, FLAUM, and MANION, Circuit Judges.

FLAUM, Circuit Judge.

Defendant Roy Green was convicted of two counts of assaulting a federal officer in violation of 18 U.S.C. § 111. He appeals, challenging the district court's jury instruction concerning the duties of the federal officers who were the victims of the assaults, the district court's failure to instruct the jury that the assault must be willful, and its instruction that the government does not have to prove that the assaults caused injury. We affirm the convictions but remand the case for resentencing.

## I. FACTS AND PRIOR PROCEEDINGS

Roy Green is a prisoner who on December 4, 1989 was serving his sentence at the Federal Correctional Institution in Oxford, Wisconsin. On the morning of December 4, the food administrator at Oxford, Thomas Buchberger, complained to Randall White, a cook-foreman at the prison, about the cleanliness of a hallway outside the prison dining hall. White supervised a group of inmates who were responsible for sanitation in the dining hall area. The inmate responsible for maintaining the hallway that attracted Buchberger's attention was Martin Fitzgerald, whom White ordered to clean it. Fitzgerald refused to comply with this request, and White and Fitzgerald began to argue. A crowd of inmates gathered at the scene, including the defendant in this case, Roy Green.

White sought to disperse the group of prisoners, and was for the most part successful. Green, however, was one of several inmates who refused to leave the scene. When White attempted to use his walkie-talkie to call for guards to break up the remaining inmates, Green punched him in the jaw, knocking him to the floor. Another cook-foreman, Rick Gruen, came to White's assistance and restrained Green. While he was being restrained, Green hit Gruen as well.

A grand jury returned an indictment against Green, charging him with two counts of violating 18 U.S.C. § 111, the first relating to the blow to White's jaw, the second to the fight with Gruen. Following a one-day jury trial, Green was found guilty under both counts. He was sentenced to thirty-seven month concurrent sentences on each count, to be served after he completed the remainder of the sentence he was serving when the assaults occurred.

## II. THE DUTIES OF A FEDERAL CORRECTIONS OFFICER

■ Section 111(a)(1) makes it a crime to forcibly assault a federal employee who falls within a large number of protected categories while that employee is "engaged in or on account of the performance of official duties." The protected categories include officers and employees "of any United States penal or correctional institution." 18 U.S.C. § 1114. The duties of a federal employee are a question of federal law, *United States v. Kelley*, 850 F.2d 212, 213 (5th Cir.), *cert. denied*, 488 U.S. 911, 109 S.Ct. 267, 102 L.Ed.2d 255 (1988), but whether an assaulted federal employee is "engaged in" official duties when he is assaulted, or whether the assault takes place "on account of" these duties, are questions of fact. *United States v. Hoffer*, 869 F.2d 123, 126 (2d Cir.), *cert. denied*, 490 U.S. 1094, 109 S.Ct. 2440, 104 L.Ed.2d 996 (1989); *United States v. Lopez*, 710 F.2d 1071, 1074 (5th Cir.1983). Proof beyond a reasonable doubt that at the time of the assault the victim was engaged in the performance of his official duties or was attacked on account of these duties is an essential element of a violation of § 111. *United States v. Hohman*, 825 F.2d 1363, 1365 (9th Cir.1987); *United States v. Boone*, 738 F.2d 763, 765 (6th Cir.), *cert. denied*, 469 U.S. 1042, 105 S.Ct. 528, 83 L.Ed.2d 416 (1984).

■ Green alleges that the district court improperly removed the factual question of whether the government had satisfied this element of the offense from the jury by instructing it that

The duties of a federal correctional employee include providing for the safekeeping, protection, and discipline of all persons housed within federal correctional institutions.

You may find that the victims were engaged in the performance of official duties if you find that at the time of the alleged assault they were acting within the scope of what they were employed to do.

Record Entry ("R.") 40. The district court derived this instruction from 18 U.S.C. § 4042, which lists the duties of the Bureau of Prisons. Green argues that the duties of the Bureau of Prisons are broader than the duties of the individual prison employees he assaulted and that the district court's instruction ignored this distinction. He contends that this error prevented the jury from reaching the factual question of whether in seeking to discipline Fitzgerald and disperse the gathered group of prisoners White and Gruen went beyond the performance of their official duties.

We agree that not every employee of the Bureau of Prisons performs the full range of the Bureau's duties as set out in § 4042. The resolution of the issue Green raises on appeal depends, however, not on the abstract possibility that the duties of a Bureau employee would not extend to discipline and maintaining order but on the question of whether the district court's instruction accurately represented the duties of White and Gruen and left it for the jury to determine whether they were fulfilling these duties when Green assaulted them. We conclude that it did both.

Green points to the fact that both White and Gruen were prison food service workers rather than guards to argue that when White disciplined Fitzgerald and attempted to disperse the group of inmates, and when Gruen came to White's aid, they went beyond the scope of their duties. Cases interpreting the phrase "engaged in or on account of the performance of official duties" in § 111, however, do not support this kind of occupational pigeonholing, opting instead for an interpretation of this phrase that is broad enough to fulfill Congress's

goals of protecting federal officers and facilitating the accomplishment of federal functions. *See, e.g., United States v. Reid,* 517 F.2d 953, 964 (2d Cir.1975) (Friendly, J.); *Hoffer,* 869 F.2d at 125–26; *Boone,* 738 F.2d at 765; *Lopez,* 710 F.2d at 1074. Given the sweep of the phrase "official duties," the district court did not err in instructing the jury that the duties of a federal prison employee, even a food service worker, extend to "safekeeping, protection and discipline." Having been accurately apprised as to the scope of a prison employee's duties, the jury was instructed to determine whether White and Gruen remained within the admittedly broad roles federal law assigns prison employees when Green used force against them.

## III. WILLFULNESS INSTRUCTION

■ The second ground Green raises on appeal is the district court's refusal to instruct the jury that in order to convict it had to conclude that his assaults were willful and to define willful as knowing, intentional, and voluntary. Green argues that the alleged assault on Gruen was not willful because it occurred inadvertently when Gruen, having come to White's assistance, had Green in a bear-hug. He also observes that other circuits which, unlike this one, have jury instructions for violations of § 111, include a willfulness instruction. The government responds that Gruen testified that the blows he received were from actual punches and not incidental contact. It also points out that the statute does not contain a willfulness requirement and this Circuit's pattern jury instructions discourage instructions defining willfulness when it is not an element of the offense.

■ Green's argument is not wholly without merit. Assaults are specific intent crimes, requiring proof that the defendant intended to frighten or inflict harm upon his victim. It is true that in dicta in *United States v. Streich,* 759 F.2d 579 (7th Cir.), *cert. denied,* 474 U.S. 860, 106 S.Ct. 172, 88 L.Ed.2d 142 (1985), we expressed the view that willfulness is not an element of an offense under § 111. *Id.* at 585. However, in that case a willfulness instruction was given, and the issue on appeal was the district court's refusal to give an instruction defining the word "willfully," a practice we have criticized as unnecessary where the word does not appear in the statute. 1 Federal Criminal Instructions of the Seventh Circuit § 6.03 (1980); *United States v. Valencia,* 907 F.2d 671, 683 (7th Cir.1990).

However, we are not convinced by defendant's argument that the failure to give a willfulness instruction left the jury in the dark about the mental state they had to find Green possessed in order to convict him of assault. In defining the term "forcible assault" used in § 111, the district court told the jury that the term meant "any *intentional* display of force such as would give the victim reason to fear or to expect immediate bodily harm." R. 40 (emphasis supplied). Thus, viewing the instructions as a whole, *see, e.g., United States v. McNeese,* 901 F.2d 585, 607 (7th Cir.1990), the jury was told that to find that Green committed a forcible assault on Gruen it had to find that Green acted intentionally, a mental state akin to willfulness. Furthermore, the evidence that Green acted willfully was overwhelming. All three witnesses to the attack on Gruen—the victim himself, White, and Buchberger—testified that though Gruen sought to restrain Green, Green's arms remained free and he used them to punch Gruen repeatedly in the ribs. This uncontradicted evidence negates any inference that Green's contact with Gruen was inadvertent.

## IV. INJURY INSTRUCTION

■ The last argument Green raises in this appeal also concerns a jury instruction. In defining the term "forcible assault" the district court instructed the jury that the government did not have to prove that the "defendant injured or intended to injure" his victims. Green argues that this instruction was error because it unduly emphasized the possibility of non-injurious assault, drawing the jury's attention away from those elements of "forcible assault" the government did have to prove. As defendant concedes, however, the instruc-

tion that § 111 imposes no requirement of injury or intended injury is a correct statement of the law. Indeed, numerous cases have affirmed convictions under § 111 where all the defendant has done is to brandish a weapon or otherwise threaten the federal officer or employee. *See, e.g., United States v. Walker*, 835 F.2d 983, 987 (2d Cir.1987) (force element of § 111 "may be satisfied by proof that there was such a threat or display of physical aggression toward the officer as to inspire fear of pain, bodily harm, or death"); *Streich*, 759 F.2d at 582 (affirming conviction where defendant held gun in presence of IRS agents). " 'As long as the instructions treat the issues fairly and adequately, they will not be interfered with on appeal.' " *McNeese*, 901 F.2d at 607 (quoting *United States v. Fournier*, 861 F.2d 148, 150 (7th Cir.1988)). The district court's instruction that the government need not prove injury was a fair and adequate statement of the law.

### V. SENTENCE

The district court sentenced Green to 37 months on each count of violating § 111, with the two sentences to be served concurrently. However, the maximum sentence allowed under the statute for each violation of § 111 is three years. 18 U.S.C. § 111(a). We therefore remand this case to the district court for resentencing.

### VI. CONCLUSION

For the foregoing reasons, defendant's convictions are affirmed, but the case is remanded to the district court for the entry of a new sentence.