**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Roger BETTELYOUN, Defendant– Appellant.**

**No. 93–2414.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 11, 1993.

Decided Feb. 14, 1994.

Counsel who presented argument on behalf of the appellant was James G. Abourezk, Rapid City, South Dakota.

Counsel who presented argument on behalf of the appellee was Robert A. Mandel, Assistant United States Attorney, Rapid City, South Dakota.

Before RICHARD S. ARNOLD, Chief Judge, WOLLMAN, and LOKEN, Circuit Judges.

LOKEN, Circuit Judge.

Responding to a complaint, three Oglala Sioux tribal police officers drove to the home of Larry Bettelyoun on the Pine Ridge Indian Reservation. Upon arriving, they arrested Larry's brother-in-law in the front yard for public intoxication. Larry ran back into the house yelling, "Get the [expletive] guns." A short time later, appellant Roger Bettelyoun, Larry's brother, fired at least two shots from a .22 caliber rifle through the living room window in the direction of the officers. One officer heard the bullets fly over his head.

Roger Bettelyoun was indicted for assaulting a federal officer with a dangerous weapon in violation of 18 U.S.C. § 111 and for using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1). A jury convicted him of both charges. He now appeals, arguing that the district court [1] erred in taking from the jury the issue of whether the tribal officers were federal officers for purposes of § 111, and in refusing to give his proposed instruction on the element of intent to assault. We affirm.

1. The HONORABLE RICHARD H. BATTEY, United States District Judge for the District of South Dakota.

## I.

Section 111 prohibits forcible assaults against designated federal officers "while engaged in or on account of the performance of official duties." Designated federal officers include employees of the Department of Interior's Bureau of Indian Affairs ("BIA") who perform "law enforcement functions." *See* 18 U.S.C. § 1114. The tribal officers assaulted in this case were not BIA employees. However, they may qualify as federal officers by reason of the Indian Law Enforcement Reform Act of 1990, Pub.L. No. 101–379, 104 Stat. 473. In that Act, Congress authorized the Secretary of the Interior to contract with an Indian tribe to assist BIA in enforcing tribal laws; pursuant to such a contract, the Secretary may also authorize a tribal officer to perform law enforcement functions that BIA would otherwise perform. *See* 25 U.S.C. § 2804(a). When acting under such authority, "a person who is not otherwise a Federal employee shall be considered to be an employee of the Department of the Interior only for purposes of ... sections 111 and 1114 of Title 18." 25 U.S.C. § 2804(f). *See United States v. Schrader*, 10 F.3d 1345, 1350–51 (8th Cir.1993).

Prior to trial, Bettelyoun moved to dismiss the assault charge on the ground that the tribal officers were enforcing tribal laws at the time of the alleged offense and therefore were not federal officers for purposes of § 111. The government responded that BIA had delegated its law enforcement function on the Pine Ridge Reservation to the Oglala Sioux Tribe under a contract of the type described in 25 U.S.C. § 2804(a), and had designated the assaulted tribal officers to carry out BIA's functions under that contract, thus making them federal officers for purposes of § 111 under 25 U.S.C. § 2804(f).

■ The district court denied the motion to dismiss, and it denied Bettelyoun's later motion for acquittal on the same ground. At trial, the government put the tribal contract into evidence. The assaulted tribal officers testified that they were "Deputy Special Officers" of BIA at the time in question. And BIA's Area Special Officer for law enforcement testified that the Deputy Special Officer designation authorized the tribal officers

"to carry out all the federal functions of the BIA" pursuant to 25 U.S.C. § 2804.

After both sides had rested, the district court instructed the jury:

Tribal officers who are employed by a tribe under a contract with the Bureau of Indian Affairs and who are specially commissioned deputy officers by the Bureau of Indian Affairs are federal officers for the purposes of 18 U.S.C. § 111....

The crime of assaulting a federal officer as charged in Count I of the indictment has the following essential elements:

1. That the defendant forcibly assaulted [the tribal officers] with a deadly or dangerous weapon;

2. that at the time of the assault, [the tribal officers] were engaged in their official duties;

3. that the officers were law enforcement officers certified by the Department of Interior, Bureau of Indian Affairs, to perform law enforcement duties on the Pine Ridge Indian Reservation;

4. that the defendant acted willfully.

Bettelyoun objected to this instruction "on the grounds that the officers were not federal officers for all the reasons stated in my previous motion [for acquittal]." He now argues on appeal that the district court erred by not properly submitting the federal officer question to the jury. This issue was not preserved by his general objection to the district court's instruction. *See* Fed.R.Crim.P. 30; *United States v. Young*, 875 F.2d 1357, 1359–60 (8th Cir.1989). Therefore, we review the instruction only for plain error. *See United States v. Olano*, —— U.S. ——, ——, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993).

■ In the case of an assault on a BIA police officer, who is obviously a federal officer for purposes of § 111, the question whether that officer "was acting in an official capacity or was engaged in a frolic of his own" when the assault occurred is for the jury. *United States v. Michalek*, 464 F.2d 442, 443 (8th Cir.1972); *see United States v. Hanson*, 618 F.2d 1261, 1264 (8th Cir.), *cert. denied*, 449 U.S. 854, 101 S.Ct. 148, 66 L.Ed.2d 67 (1980). In a § 111 prosecution

involving tribal officers, however, the proper allocation of function between the court and the jury is more complex. When the government relies upon 25 U.S.C. § 2804(f) to establish that the assaulted tribal officer is a federal officer for purposes of § 111,[2] the court must determine threshold legal questions—whether the tribal contract, and the manner in which BIA has designated particular tribal officers to perform under that contract, qualify under 25 U.S.C. § 2804(a). *Compare United States v. Lopez*, 586 F.2d 978 (2d Cir.1978), *cert. denied*, 440 U.S. 923, 99 S.Ct. 1251, 59 L.Ed.2d 476 (1979); *United States v. Reid*, 517 F.2d 953, 958–60 (2d Cir.1975). But the ultimate issue of fact—whether the assaulted tribal officers were engaged in the performance of duties authorized by the Secretary of Interior at the time of the assault—is still for the jury. In other words, the court should instruct the jury as to the classes of persons who are federal officers under 18 U.S.C. § 1114, as modified by 25 U.S.C. § 2804(f), leaving the jury to decide whether the government proved beyond a reasonable doubt that the assault victims were in fact federal officers who were engaged in the performance of their official duties. *Cf. United States v. Green*, 927 F.2d 1005, 1007 (7th Cir.), *cert. denied*, — U.S. —, 112 S.Ct. 147, 116 L.Ed.2d 112 (1991). That is precisely what the district court's instructions accomplished in this case. Thus, there was no plain error; indeed, there was no error at all.

## II.

■ Bettelyoun also argues that the district court erred when it refused to give his proposed instructions on the issue of intent. The Supreme Court has defined the intent to assault necessary to violate § 111:

All the statute requires is an intent to assault, not an intent to assault a federal officer.

\* \* \* \* \* \*

2. The government need not prove the federal officer issue in this fashion. Even in the absence of a § 2804(a) contract, a tribal officer who has been designated as a Deputy Special Officer of the BIA is a federal officer within the meaning of

We hold, therefore, that in order to incur criminal liability under § 111 an actor must entertain merely the criminal intent to do the acts therein specified.

*United States v. Feola*, 420 U.S. 671, 684, 686, 95 S.Ct. 1255, 1264, 1264–65, 43 L.Ed.2d 541 (1975). Bettelyoun requested an instruction "[t]hat Defendant possessed the intent to commit such an assault" and that he "willfully did the act or acts charged, in other words, that he acted knowingly, intentionally, and voluntarily." The district court instead instructed that, to convict, the jury must find "that the defendant acted willfully" in committing the assault; it further explained that "[a]n act is committed 'willfully' if it is done voluntarily and intentionally, and not by accident, mistake or other innocent reason."

Bettelyoun argues that the court's instruction permitted the jury to find him guilty if he did "nothing more than fire the gun," and that this was prejudicial error in light of his testimony that he only fired the rifle into the air in order to calm his angry brother. We disagree. The court instructed that Bettelyoun must have acted "willfully," and it defined a willful act as one done "voluntarily *and intentionally*." Moreover, by instructing that an act is not willful if done "by accident, mistake or other innocent reason," the court expressly incorporated into the charge Bettelyoun's defense that he acted to pacify his brother. Bettelyoun took full advantage of this charge in closing argument, vigorously urging that he lacked the requisite intent to assault. The jury simply rejected this defense.

■ A district court has wide discretion in formulating jury instructions, and a defendant is not entitled to particularly worded instructions if those given adequately and correctly cover the substance of the requested instruction. *See, e.g., United States v. Randle*, 815 F.2d 505, 508 (8th Cir.1987). In this case, we conclude that the district court's instructions fairly covered the intent element of a § 111 offense.

§ 111 when performing the federal duties he or she had been deputized to perform, typically, the enforcement of certain federal criminal laws on the Tribe's reservation. *See United States v. Oakie*, 12 F.3d 1436, 1439–40 (8th Cir.1993).

The judgment of the district court is affirmed.