UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 95-5666

CLINTON SMITH, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, District Judge.
(CR-94-157)

Submitted: September 20, 1996

Decided: October 3, 1996

Before NIEMEYER, HAMILTON, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gordon Widenhouse, Assistant Federal Public Defender, Raleigh,
North Carolina, for Appellant. Janice McKenzie Cole, United States
Attorney, John Howarth Bennett, Assistant United States Attorney,
Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Clinton Smith, Jr., was convicted after a bench trial of assault on a government agent and of robbery of personal property of the United States, in violation of 18 U.S.C.A. §§ 111, 2112 (West Supp. 1996), respectively. On appeal, Smith contends that the district court erred in denying his motion for judgment of acquittal because the evidence was insufficient.\* We affirm.

Taking the evidence in the light most favorable to the government, see United States v. Smith, 44 F.3d 1259, 1269-70 (4th Cir.), cert. denied, ___ U.S. ___, 63 U.S.L.W. 3817 (U.S. May 15, 1995) (No. 94-8163), the evidence at trial disclosed that Smith's victim, a special agent with the U.S. Department of Agriculture's Office of Inspector General, left the federal building in Raleigh, North Carolina, to serve a subpoena. She carried her purse that contained a Glock 9 mm firearm and identification credentials--both of which were issued to her by the federal government--and some personal items. Smith grabbed the agent's purse strap and knocked her to the ground, causing her to hit her head on the concrete sidewalk several times. Once Smith wrestled the agent's purse from her, he fled. Another federal employee saw Smith and retrieved the agent's purse. Local law enforcement officers later apprehended Smith. Based on this evidence, the district court found Smith guilty of assault on a federal officer and robbery of personal property of the United States. Smith timely appeals.

Smith claims that the district court erred in denying his motion for judgment of acquittal. We review such denials under a sufficiency of evidence standard. Fed. R. Crim. P. 29; see Smith, 44 F.3d at 1269-70. The relevant question is not whether we are convinced of guilt beyond a reasonable doubt, but rather whether the evidence, when viewed in the light most favorable to the government, was sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. Smith, 44 F.3d at 1270; see Glasser

_____

\*The district court sentenced Smith to 120 months incarceration, ordered three years of supervised release, and imposed a fine, restitution, and special assessment. Smith does not challenge his sentence.

2

v. United States, 315 U.S. 60, 80 (1942). If substantial evidence exists to support a verdict, the verdict must be sustained. Glasser, 315 U.S. at 80.

Under § 111, one who "forcibly assaults, resists, opposes, impedes, intimidates, or interferes with" certain federal officers "while engaged in . . . the performance of official duties" is subject to conviction. 18 U.S.C.A. § 111(a)(1). Smith shoved the agent, and she fell to the ground and hit her head. Smith contends that because he did not know the victim was a federal agent engaged in the performance of official duties, the evidence did not support his conviction. But a defendant need not know that his victim is a federal officer in order to be convicted under § 111. United States v. Feola , 420 U.S. 671, 686 (1975). We therefore find the evidence sufficient to convict Smith of assault on a federal official. See Glasser, 315 U.S. at 80.

Smith also contends that the evidence did not support his conviction for robbery of personal property of the United States because the government did not prove he knew the victim's purse contained a weapon and credentials belonging to the federal government. This claim is meritless. Smith forfeited appellate review of this claim--but for plain error--by his failure to object in the district court. See United States v. Olano, 507 U.S. 725, 732-37 (1993). Because the government need not prove that Smith knew the weapon and credentials belonged to the United States, we find no plain error here. United States v. Roundtree, 527 F.2d 16, 19 (8th Cir. 1975), cert. denied, 424 U.S. 923 (1976); see United States v. Stephenson , 708 F.2d 580, 581 (11th Cir. 1983) (finding evidence sufficient to support conviction under § 2112 where defendant stole federal agent's purse containing service revolver, badge, and identification).

Accordingly, we affirm Smith's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3