UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                No. 98-4759

MARTIN EVERETTE RUSSELL,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CR-98-9-MU)

Submitted: June 8, 1999

Decided: September 14, 1999

Before NIEMEYER and WILLIAMS, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Randolph Marshall Lee, Charlotte, North Carolina, for Appellant.
Mark T. Calloway, United States Attorney, Brian Lee Whisler, Assis-
tant United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Martin Everette Russell appeals his conviction under 18 U.S.C.A. § 111(a)(1) (West Supp. 1999) for forcibly assaulting a person designated to assist the United States Marshal's Service (USMS) while that person was engaged in his official duty as a Sergeant with the Mecklenburg County Sheriff's Department. On appeal, Russell only argues that the district court erred by instructing the jury that the victim was a person designated under 18 U.S.C.A. § 1114 (West Supp. 1999) as an officer or employee of the United States. Finding no error, we affirm.

Russell argued at trial that he should be permitted to explore the scope of the contractual relationship between USMS and the Mecklenburg County Jail (MCJ), where Russell was housed awaiting trial on other charges, and to present argument to the jury regarding whether the assaulted deputy was a person designated under 18 U.S.C.A. § 1114. The district court did not permit Russell to present the question to the jury. On appeal, Russell assigned error to the district court's instruction to the jury that it find that the victim was a person designated under 18 U.S.C.A. § 1114. The court properly found that the statutory designation was a threshold legal question, and not for the jury to decide.

We addressed this issue in United States v. Murphy, 35 F.3d 143 (4th Cir. 1994). In Murphy, the defendant challenged the district court's finding that it had federal jurisdiction over the action because the victim of the 18 U.S.C.A. § 111 assault was a North Carolina state employee, a deputy in a county jail. The North Carolina county jail had a contract with USMS, which in pertinent part was the same as the contract between USMS and MCJ. The court found that the jurisdiction question as to whether the victim was covered by the federal statutes was a legal question. See Murphy, 35 F.3d at 145. The court concluded that 18 U.S.C.A. §§ 111, 1114 applied to the county deputy, because pursuant to the contract, the deputy "was assisting federal agents in performing their official duties." Id. at 147.

The district court properly directed the jury to find that the deputy was a person designated under 18 U.S.C.A. § 1114 and reserved for

2

the jury the remaining elements of the crime, particularly whether the deputy was forcibly assaulted. See id.; United States v. Bettelyoun, 16 F.3d 850, 852 (8th Cir. 1994) (citations omitted); United States v. Schrader, 10 F.3d 1345, 1350-51 (8th Cir. 1993) (citations omitted); United States v. Green, 927 F.2d 1005, 1007 (7th Cir. 1991) (citations omitted); United States v. Schaffer, 664 F.2d 824, 825 (11th Cir. 1981).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3