[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 6 2000
THOMAS K. KAHN
CLERK

No. 99-12723
Non-Argument Calender

D.C. Docket No. 97-00390-CR-T-26B

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELWIN SMITHEN,
a.k.a. Kel, a.ka. Mambo,
a.k.a. Raga, a.k.a. Keith,

Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of Florida

**(June 6, 2000)**

Before ANDERSON, Chief Judge, TJOFLAT and DUBINA, Circuit Judges.

PER CURIAM:

The sole issue we are asked to decide in this case is whether 18 U.S.C. §

2114(a) (1994), which prohibits the assault of a person in lawful possession of

property belonging to the United States with intent to rob that person, requires

proof, as an element of the offense, that the defendant had knowledge that the

property belonged to the United States.  We answer in the negative.

I.

In August 1997, appellant Elwin Smithen and two compatriots, Errol

Crossfield and Keith Bailey, became the targets of a sting operation set up by

undercover FBI agents posing as firearms buyers.  The three were to meet with the

agents in a motel room in Tampa, Florida, and sell the agents unregistered guns.

Smithen, Crossfield, and Bailey decided instead to engineer a rip off: when they

arrived at the hotel room, they held the agents at gunpoint and robbed them of the

cash the agents had brought for the transaction.

All three were subsequently arrested and indicted in the Middle District of

Florida on three counts: (1) conspiracy to assault with intent to rob, steal or purloin

persons having lawful charge, control and custody of money belonging to the

United States, in violation of 18 U.S.C. § 2114(a); (2) assault with intent to rob,

2

steal or purloin persons having lawful charge, control and custody of money belonging to the United States, in violation of 18 U.S.C. § 2114(a); and (3) knowing use and carry of firearms during and in relation to crimes of violence punishable in the courts of the United States, in violation of 18 U.S.C. § 924(c)(1). Crossfield and Bailey pled guilty.

Smithen filed a motion to dismiss the indictment, in which he alleged that he could not be convicted under 18 U.S.C. § 2114(a) because he did not know that his victims were FBI agents or that the money belonged to the United States. The court denied the motion. Smithen then pled guilty to all three counts, but in the plea agreement, Smithen and the government agreed that Smithen reserved his right to appeal the court's denial of his motion to dismiss. After Smithen was sentenced, he took this appeal.

## II.

Section 2114(a) of Title 18, as amended, provides:

A person who assaults any person having lawful charge, control, or custody of any mail matter or of any money or other property of the United States, with intent to rob, steal, or purloin such mail matter, money, or other property of the United States, or robs or attempts to rob any such person of mail matter, or of any money, or other property of the United States, shall, for the first offense, be imprisoned not more than ten years; and if in effecting or attempting to effect such robbery he wounds the person having custody of such mail, money, or

3

other property of the United States, or puts his life in jeopardy by the use of a dangerous weapon, or for a subsequent offense, shall be imprisoned not more than twenty-five years.

The parties have not pointed us to a case, nor have we located one, which has answered the question presented here: whether the statutory requirement that the property belongs to the United States is an element of the offense or simply a jurisdictional requirement. Courts addressing analogous provisions of the criminal code, however, have found it simply a jurisdictional requirement.

For example, 18 U.S.C. § 641 creates a penalty of up to ten years for theft, embezzlement, or knowing conversion of personal property belonging to the United States, and the former Fifth Circuit decided that knowledge that the property belongs to the United States is not required for conviction. See United States v. Boyd, 446 F.2d 1267, 1274 (5th Cir. 1971).[1] Similarly, 18 U.S.C. § 2112 creates a penalty of up to fifteen years for robbing someone of any personal property belonging to the United States. The Eighth Circuit has held that conviction under section 2112 does not require knowledge that the property belongs to the United States. See United States v. Roundtree, 527 F.2d 16, 18-19 (8th Cir. 1975). Our court has also affirmed a conviction under section 2112 for a

_____

[1] In Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

purse snatching from an FBI agent on the way to work (when the purse contained FBI identification and a service revolver). See United States v. Stephenson, 708 F.2d 580, 581 (11th Cir. 1983) (per curiam).[2]

We have previously held that sections 2112 and 2114 are to be read in conjunction. United States v. Garcia, 718 F.2d 1528, 1533 (11th Cir. 1983) (rejecting a "postal nexus" requirement of section 2114 in part because it achieved consistency with 2112), aff'd, 469 U.S. 70, 105 S. Ct. 479, 83 L. Ed. 2d 472 (1984). Garcia, like this case, involved an undercover sting operation and attempted rip off, and we affirmed the conviction under section 2114. See id. at 1530-32.

The cases cited by Smithen are inapposite. All of these cases involve criminalization of otherwise "innocent" conduct or conduct protected by the Constitution. See, e.g., United States v. X-Citement Video, Inc., 513 U.S. 64, 115 S. Ct. 464, 130 L. Ed. 2d 372 (1994) (prosecution under statute prohibiting knowing interstate transportation of child pornography requires proof defendant knew minority status of the performers); Staples v. United States, 511 U.S. 600,

_____

[2] Other analogous statutes which have been similarly interpreted are 18 U.S.C. § 1361 (destruction of government property), see United States v. LaPorta, 46 F.3d 152, 158-59 (2d Cir. 1994), and 18 U.S.C. § 111 (assaulting federal agent in course of official duties), see United States v. Feola, 420 U.S. 671, 676-86, 95 S. Ct. 1255, 1259-65, 43 L. Ed. 2d 541 (1975).

114 S. Ct. 1793, 128 L. Ed. 2d 608 (1994) (defendant cannot be convicted under statute prohibiting possession of unregistered machine gun when he did not know gun had been modified for fully automatic fire); <u>Liparota v. United States</u>, 471 U.S. 419, 105 S. Ct. 2084, 85 L. Ed. 434 (1985) (in prosecution for use of food stamps in manner not authorized by law, government must prove defendant knew his use was unlawful).

We can surmise no reason why Congress would want prosecutions under 18 U.S.C. § 2114(a) restricted to situations in which the defendant knew the property he was stealing by force belonged to the United States. If anything, the United States' interest in protecting its agents and its property is heightened during an undercover sting operation.

## III.

The judgment of the district court is AFFIRMED.